TURNER et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1895.)

No. 253.

1. CRIMINAL LAW—EVIDENCE—UNOFFICIAL MAPS.
    There is no error in admitting an unofficial map made by a witness, when the same is offered only in connection with his testimony, and not as independent evidence.

2. SAME—APPEAL—PREJUDICIAL ERROR.
    Overruling an objection to a question will not be held as prejudicial error when the record fails to show what answer was made by the witness.

3. SAME.
    Exclusion of questions will not be held as prejudicial error where the record fails to show what the witness would have answered, or what the party interrogating him proposed to prove by the question.

4. SAME—EVIDENCE—HEARSAY.
    In a prosecution for cutting timber on government lands, a witness for the government testified that he had cut some trees on the sections in question, and that all his knowledge as to the location of the section lines was derived from a third person. *Held,* that the fact of obtaining his knowledge by hearsay went rather to the effect than the admissibility of his evidence, and there was no error in its admission.

5. SAME—ORDER OF EVIDENCE—DISCRETION OF COURT.
    The order of proof is in the discretion of the trial court, and a reviewing court cannot review its action in receiving, after the defense had rested, certain evidence alleged to be not properly in rebuttal.

6. OBJECTIONS TO JURY—WAIVER.
    Objections to the manner and mode of drawing and impaneling the grand and trial juries should be prosecuted as grounds of challenge to the entire array, or to the objectionable juror before the trial, and if not so presented are cured by the verdict.

7. CRIMINAL LAW—JOINT VERDICT — SEPARATE SENTENCES — CUTTING TIMBER FROM GOVERNMENT LANDS.
    Where indictments against two persons for cutting timber from government land contrary to Rev. St. § 2461, are consolidated, and the jury returns a single verdict fixing the amount of · damages, the court is justified in assessing against each separately the triple damages authorized by the statute, and is not required to impose a joint penalty.

8. SAME—CONSOLIDATION OF INDICTMENTS.
    Two indictments may be consolidated, under Rev. St. § 1024, although two persons are jointly charged in each.

In Error to the District Court of the United States for the Southern District of Alabama.

These were indictments against Noel E. Turner and Martin Lankford for violating the statute against cutting timber from the public lands. Rev. St. § 2461. The indictments were consolidated, and defendants, having been convicted and separately sentenced, sued out this writ of error.

On the 16th of February, 1894, the grand jury impaneled in the district court for the Southern district of Alabama found two indictments against the plaintiffs in error, each containing two counts, for cutting and procuring to be cut, with intent to export, dispose of, use, and employ the same in some manner other than for the use of the navy of the United States, certain timber upon lands then and there belonging to the United States, to wit: In the first indictment, No. 1,141, the E. ½ of the E. ½ of section 13, and all that part of the W. ½ of the E. ½ of section 13 lying east of the state line between the state of Alabama

and the state of Mississippi, all in township 3 N., range 5 W., St. Stephen's meridian; and, in the second indictment, No. 1,142, the N. ½ and S. E. ¼ and the N. ½ of the S. W. ¼, section 19, township 3, range 4, all in the county of Washington, state of Alabama,—and duly charging other necessary ingredients to make offenses under section 2461 of the Revised Statutes of the United States. After the finding of said indictments, the court ordered as follows: "It is ordered by the court that the above-stated cases, numbers 1,141 and 1,142. United States v. Noel E. Turner and Martin Lankford, be and the same are hereby consolidated, and to be considered and tried together;" and thereupon the defendants pleaded, each for himself, not guilty, a jury was duly elected, tried, and sworn, and the trial of the consolidated cases was proceeded with, resulting in a verdict of not guilty in case 1,141, and of guilty as charged in the indictment, and assessing the damages at $248.80, in case 1,142. Thereupon the defendants moved the court to grant a new trial in said consolidated causes, on the ground "that the verdict as rendered by the jury was contrary to law, the evidence, and the charge of the court, and because one or more of the jurors sworn to try the cause were not impartial, in this, to wit, they had served upon a former jury at this same term of the court, convicting one of the defendants upon a similar charge from testimony elicited from one of the same witnesses, and because the jury arrived at the verdict by methods other than the consideration of the evidence." In the record following this motion for a new trial are affidavits purporting to be the several affidavits of each of three jurors sworn in the case, in each of which is recited the manner in which the jury ascertained and arrived at the number of trees cut and removed by the plaintiffs in error. At a later day of the term, April 7, 1894, the motion for a new trial was overruled and denied as of date April 5, 1894. On April 3, 1894, the plaintiffs in error also filed a motion in arrest of judgment as follows: "Now come the defendants in the above-stated cause, after verdict and upon sentence, and move the court to arrest the judgment in said cause on the following grounds: First. Because the grand jury that returned the indictment was not summoned according to law, in this: that the record fails to show that the court ordered the venire to issue therefor. Second. Because the record fails to show that the foreman of the grand jury was appointed according to law. Third. Because the record fails to show the talesmen summoned to serve on the grand jury were ordered to be summoned by the court and from the body of the district, as required by law. Fourth. Because the record fails to show that the grand jury which returned the indictment in this consolidated cause was drawn from the jury box, containing at the time of said drawing the names of not less than 300 persons, as required by law, and the record fails to show that the names composing said grand jury had been placed in the box by the commissioners, as the law required. Fifth. Because the record shows that one or more of the petit jurors who served in the trial of this cause were drawn from the jury box after the number of names in said jury box were reduced below 300. Sixth. Because the defendants in this cause were indicted and tried jointly, and the verdict of the jury fails to assess a separate penalty against each of them. Seventh. Because the record shows that this cause was consolidated by the court with another cause, and became one case, and the jury returned a verdict of not guilty in the other case, and that operated an acquittal in this case." In the transcript of record following this motion is a list of names of persons, with the post office or residence of each, the same purporting to be the jury-box list for the November term, 1893, but which is not otherwise verified, nor shown to be a part of the record. On April 5, 1894, the court overruled and denied the motion in arrest of judgment, and thereupon proceeded to sentence the plaintiffs in error, respectively, as follows: Noel E. Turner to pay a fine of $746.40 and the costs of the prosecution, and be imprisoned for the period of six months in the Mobile county jail, and stand committed until the payment of said fine and costs; said imprisonment to commence on the expiration of a former sentence pronounced on this day on the said defendant in another case. Martin Lankford to pay a fine of $746.40 and the cost of the prosecution, and be imprisoned for the period of one month in Mobile county jail, and stand committed until the payment of said fine and costs. Thereupon the plaintiffs in error brought the case to this court for review upon some 16 assignments

of error, mainly relating to errors on the part of the court in the admission or rejection of evidence, but all of which are specially noticed, so far as the same is necessary, in the opinion of the court.

M. D. Wickersham, W. H. McIntosh, and J. C. Rich, for plaintiffs in error.

J. N. Miller, U. S. Atty.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge (after stating the facts). The first assignment of error is that the court erred in permitting a map made by one Capt. Dan Williams, a surveyor, to be received in evidence, because it was not shown that the said map was made by authority of law. The bill of exceptions recites that on the trial the United States called as a witness one Capt. Dan Williams, who testified that he had been employed by the United States to make a survey of the land in said section 19, and also to run the lines upon said section 13, township 3 N., range 5 W., in said Washington county; that he had made a map of said lands and surrounding lands, but that he was unable to state that any portion of his map was correct, except those portions of said sections 19 and 13 which are represented upon said map. The United States attorney then offered in evidence the map so made by the said Williams, to which the defendants objected, on the ground that the said map was not shown to be made by any authority of law. We understand from this that the court admitted the map of the lands in question made by Capt. Dan Williams in connection with and as a part of his evidence. It certainly was not a case of offering an unofficial map or plat as independent evidence.

The second, third, and fourth assignments of error relate to the evidence given by one Forbes, a witness for the United States, who testified that he was a special agent of the general land office, and that he made a personal examination of the alleged depredations upon sections 19 and 13 in August of 1893. Upon being asked what number of trees, in his best judgment, as estimated by him on examination, had been cut or removed from the public land in said sections 13 and 19, respectively, said Forbes replied, "About 200 on section 13, and at least 2,000 on said section 19," to which question and answer defendants objected. No reason for the objection was given at the time, and no reason is given in the assignment of error. The United States then, by its attorney, asked said witness Forbes, "Did you know the market value at that place of timber or trees like those cut on said section 19?" to which question the defendants objected. The court overruled said objection, but the bill of exceptions does not show what, if any, answer was made by the witness to the question. Thereafter the witness Forbes testified to an altercation and difficulty that he had had with the defendant Noel E. Turner at the store of the latter in Washington county, whereupon the defendants asked said witness the following question: "Did you attempt to get a gun, after the altercation in which you were assaulted by the defendant Turner, to shoot him with?" The

United States, by its attorney, objected to this question; the court sustained said objection, but the record is silent as to what answer witness would have made to the question if permitted by the court, and also silent as to what was the defendants' purpose to prove by the question propounded. It would seem from this statement of the objections made to the evidence of the witness Forbes that no error prejudicial to the plaintiffs in error can be predicated upon it.

The fifth assignment of error is that the court refused to allow one Green, a witness for the United States, to answer the following question: "What would be the value of the timber if there was no tramway there?" We find in the bill of exceptions that such question was propounded to the witness Green on cross-examination, but, as in the case of Forbes, no showing is made as to whether or not the answer would have been material in the case.

The sixth assignment of error is that the court erred in overruling a motion of the defendants to exclude all of the testimony as to the cutting of timber by one John Turner, a witness sworn by the government, because the said Turner had testified that he only knew the lines of the land from which he cut timber from the statements of one Logan, who had not been previously shown to be familiar with the lines bounding the lands upon which the alleged depredations had been charged. It appears from the bill of exceptions that one John Turner, called as a witness for the United States, testified in chief that he knew the north line of section 19, and that he cut upon said section about 30 trees; that he only knew the western line of said sections 13 and 19 of the survey made by the aforementioned witness Daniel Williams, who was accompanied by the witness Forbes. According to the said survey, he cut on section 13 20 trees, more or less, and on section 19 about 30 trees. On cross-examination he testified that "all of his information about said sections he knew from information made to him by one Logan." We are of opinion that the motion to exclude all the testimony of Turner as to the cutting of timber on sections 13 and 19 because his knowledge of lines was derived from others was properly overruled. The witness, according to his evidence, had cut trees on sections 13 and 19, according to the survey made by the witness Dan Williams, who was accompanied by the witness Forbes. Without running the lines himself, his exact knowledge of the section lines would necessarily be dependent upon hearsay. As the whole matter went to the jury, we think the objections made were rather to the effect of the evidence than to its admissibility.

The seventh assignment of error relates to the evidence of one Thad Holland, a witness for the United States, who testified in chief that he had cut timber on section 19 during the summer of 1893, but that he did not know how many trees he cut; that he did not cut on section 13; that timber on both sections had been boxed, for turpentine purposes, many years ago; that some of the timber had burned down, and some of the timber was dead. On cross-examination the said witness testified that he knew the settlement of the defendant Noel E. Turner on said section 19. He was then

asked by the defendants, through their attorney, what improvements the said Turner, one of the defendants, had on said section 19, to which question the United States, through its attorney, objected, and said objection was sustained by the court. Defendants then asked said witness Holland whether defendant Turner lived on said section 19; he answered that Turner did not live on the land, but he had a house on it. The statement that "he had a house on it" was, on motion of the United States attorney, excluded by the court as irrelevant and immaterial. Said witness Holland was then asked by defendants, "What is the character of that house?" to which question the United States, through its attorney, objected, and this objection was sustained by the court. The defendants thereupon further asked said witness Holland the following question: "Is it not a fact that there was land in preparation for cultivation there?" The United States, through its attorney, objected to said question, and the court sustained the objection. The defendants further asked the witness Holland, "What improvements had the defendant Turner made on the place where you cut timber?" The United States, through its attorney, objected to said question, which objection was sustained. None of the questions propounded to the witness Holland, to which objections were sustained by the court, were answered, and the bill of exceptions is silent as to what answers were expected, or as to what defendants proposed to prove by the said witnesses. We infer from the discussion of the assignment in the brief that the questions were propounded with a view of showing that one of the defendants had a homestead entry upon part of one of the sections, upon which he had made improvements, and perhaps upon which he was living, with a view to justify the cutting of timber charged in the indictment as within the homestead right; and we notice that a previous recital of the bill of exceptions shows that on September 7, 1893, the defendant Noel E. Turner had made application for and entered as a homestead the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ and the N. $\frac{1}{2}$ of the S. W. $\frac{1}{4}$, section 19, township 3, range 4 W., Washington county, Ala.; but, as the entry of homestead was subsequent to the alleged trespass, we cannot presume that the answers to the questions propounded to Thad Holland would have been favorable to the plaintiff in error, and we are unable to say that the rulings of the court in sustaining the objections to the questions propounded were prejudicial to them.

The eighth, ninth, tenth, and eleventh assignments of error are also based on rulings of the court sustaining objections to questions propounded to the witnesses by the plaintiffs in error, but no showing was made as to what they proposed to prove by the questions propounded, and therefore these assignments are disposed of by what has been already said.

The twelfth assignment of error is that the court erred in permitting the United States to offer in evidence, after defendants had rested, certain warrants of arrest; the objection to the introduction of said warrants in evidence being that they were not in rebuttal. It seems that the defendants were permitted to offer in evidence, to make out their defense, receivers' receipts showing homestead

entries of Noel E. Turner, one of the defendants, one H. C. Turner, and one Callaway, in said section 19, on the 7th day of September, 1893, and, further, to offer evidence that settlements and improvements were made upon said lands thus entered for homestead, the same being the identical land upon which the defendants Turner and Lankford were charged with cutting and removing timber. The warrants showed that in August of 1893, before the homestead entries were made, or pretended to have been made, affidavits had been made and warrants issued charging the defendants with the offense contained in the indictments. It would appear to have been admissible in rebuttal on the case made or sought to be made by the defendants; but, as a matter of law, the order of proof in the trial court is within the discretion of the trial judge, and his rulings in that respect cannot be reviewed on error.

The motion in arrest of judgment was properly overruled, but, if not, the record does not present any case for review in that respect. All the objections to the manner and mode of drawing and impaneling the grand jury and trial jury should have been presented as grounds of challenge either to the entire array or to the objectionable juror prior to the trial, and, not having been made prior to, were cured by the verdict.

The fourteenth assignment of error is "that the court erred in assessing the fine against each of the defendants separately, the same having been jointly indicted and tried, and only one verdict having been rendered by the jury"; and the fifteenth assignment of error is "that the court erred in receiving two verdicts from the jury in the same case, for the reason that the cause had been consolidated." There is some little conflict between these two assignments of error, but neither is well taken. The defendants were indicted, tried jointly, and both were convicted, and the jury found the damages committed by them to be $248.80. Section 2461 of the Revised Statutes provides that "every such person [meaning every person who has violated the section] shall pay a fine of not less than triple the value of the trees and timber so cut, destroyed or removed, and shall be imprisoned not exceeding 12 months." The fine provided for is a part of the punishment as much as is the imprisonment; it is necessarily assessed against each, just the same as the imprisonment. Any reasoning which would make the money penalty joint would necessarily make the imprisonment joint. Some question has been made as to the power of the court, under section 1024 of the Revised Statutes of the United States, to consolidate two or more indictments where two persons are jointly charged in each indictment, but we consider the statute broad enough to cover the case in hand. Under the statute, two or more indictments can be consolidated, if all the counts in all the indictments could have been included in one indictment in the first instance. As consolidated, the two indictments stood practically as one indictment with four counts; the verdict rendered by the jury, construed in the light of the indictments consolidated, must be considered as a verdict of not guilty on two of the counts, and of

guilty on the other two; and, if informal, it was still too plain for any misunderstanding as to the real finding of the jury.

The sixteenth assignment of error is a formal one, not necessary to be noticed. The judgment of the district court is affirmed.