## TURNER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 15, 1895.)

### No. 254.

CRIMINAL LAW—INSTRUCTIONS—PROVINCE OF COURT AND JURY.
    A statement by the court, after summing up the evidence for the prosecution, that "evidence of circumstances tending to show guilt is competent evidence," is not an invasion of the province of the jury when they are also told that they are the sole judges of the weight and sufficiency of the evidence.

In Error to the District Court of the United States for the Southern District of Alabama.

This was an indictment against Noel E. Turner for cutting timber from the public lands of the United States. Defendant, having been convicted, brought a writ of error to this court.

M. D. Wickersham, W. H. McIntosh, and J. C. Rich, for plaintiff in error.

J. N. Miller, U. S. Atty.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

PARDEE, Circuit Judge. The plaintiff in error was tried and convicted in the court below for cutting timber on public lands in violation of section 2461, Rev. St. U. S., and was sentenced to pay a fine of $36 and the costs of prosecution, and to be imprisoned for the period of three months in the Mobile county jail, and stand committed until the payment of said fine and costs.

The bill of exceptions recites that the court in its charge summed up the evidence, direct and circumstantial, on the part of the government, and said: "This is in substance the testimony on the part of the government tending to show the defendant's guilt. Evidence of circumstances tending to show such guilt is competent evidence." The court also summed up the evidence favorable to the defendant, and stated: "This is in substance the evidence for the defendant," and instructed the jury that they were the sole judges of the weight and sufficiency of the evidence, and, to justify a conviction of the defendant, they must be satisfied of his guilt beyond a reasonable doubt. The defendant below, plaintiff in error here, excepted to that part of the charge which is as follows: "This is in substance the testimony on the part of the government tending to show the defendant's guilt. Evidence of circumstances tending to show such guilt is competent evidence." No ground of objection to the charge was then stated by the defendant, nor is any ground of error assigned in this court, except that in the assignment of error it is

said: "The substance of the testimony was a matter which should have been left solely and exclusively for the jury to determine, because the jury are the sole and exclusive judges of the circumstances and the tendency of said circumstances to show guilt or innocence." We do not think that the trial judge invaded the province of the jury. The weight and sufficiency of the evidence was left entirely to the jury. Starr v. U. S., 153 U. S. 614, 14 Sup. Ct. 919.

The third assignment of error is that the court erred in overruling the defendant's motion in arrest of judgment. This motion in arrest of judgment is, in all respects, like a similar motion in Turner v. U. S. (No. 253; just decided) 66 Fed. 280, where we held the motion to have been properly overruled.

The last assignment of error is that the court erred in refusing a charge as asked in writing by the defendant. We do not find in the bill of exceptions that any charge in writing was asked for by the defendant. We do find, however, that, at some stage of the case not mentioned, the defendant requested the court to give the following: "If the jury believe the evidence, you must find the defendant not guilty"; and reserved an exception to the refusal of the court to give this charge. The evidence recited in the bill of exceptions tended to show that the defendant on trial was guilty as charged in the indictment, and was sufficient, if believed by the jury, to warrant a verdict of guilty. The refusal to give the general charge in favor of the defendant was not in any sense erroneous. The judgment of the district court is affirmed.