### UNITED STATES v. HIGGINS.

#### Cr. No. 76319.

**District Court of the United States for the District of Columbia.**

June 1, 1946.

Edward M. Curran, U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty., both of Washington, D. C., for United States.

M. Edward Buckley, Jr., of Washington, D. C., for defendant.

PINE, Associate Justice.

Defendant has been indicted, tried, and convicted of violating the Marihuana Tax Act of 1937, 26 U.S.C.A. Int.Rev.Code, §§ 2590–2603, 3230–3238. He has moved that the verdict be arrested and for other relief. The verdict was returned on April 17, 1946. This motion was filed on April 23, 1946, being the last day on which it could be filed under the Federal Rules of Criminal Procedure. At the hearing on this motion, defendant withdrew his contention, set forth in paragraph 5 thereof, that the jury was not selected in accordance with law. In any event, such a contention comes too late after verdict.[1] On May 1, 1946, defendant filed a supplemental motion setting forth alleged misconduct of the Assistant United States Attorney assigned to prosecute this case in "admonishing a juror outside of the court room during trial recess."

Rule 34, Federal Rules of Criminal Procedure, provides that a motion in arrest of judgment shall be made within five days after verdict, or within such further time as the court may fix during the five-day period. Rule 33, F. R. Crim. P., provides that a motion for a new trial, based on any grounds other than newly discovered evidence (which is not involved in this case) shall be made within five days after verdict or within such further time as the court may fix during the five-day period. The court fixed no further time in this case.

It is therefore doubtful whether the supplemental motion can be considered under the Rules. Defendant's counsel states that the incident complained of in the supplemental memorandum was called to his attention while the jury was deliberating, and that pressure of other court work prevented him from properly verifying the incident until the filing date of the motion. If he intended to place any reliance on it,

[1] Turner v. United States, 5 Cir., 66 F. 280; Williams v. United States, 6 Cir., 3 F.2d 933; Zito v. United States, 7 Cir., 64 F.2d 772 and cases cited; Carruthers v. Reed, 8 Cir., 102 F.2d 933; Spivey v. United States, 6 Cir., 109 F.2d 181.

it was his duty to bring it to the court's attention immediately upon hearing it and to move for what he considered to be appropriate action. Instead he waited until long after the verdict of guilty had been announced and then made it one of the grounds for granting the supplemental motion filed herein. This would appear to be gambling on the outcome.

■ However, the court took testimony on the point raised in the supplemental motion that the Assistant United States Attorney had been guilty of misconduct in allegedly admonishing a juror outside the court room during a trial recess, and briefly stated, this testimony disclosed the following facts: On April 16, 1946, the jury sworn to try the issues of this case was respited until the following day. Thereupon, Juror No. 6, namely, Mrs. Dorothy Gardner, departed from the court room, and while walking along one of the corridors of the court house, preparatory to going to the ladies' room, defendant's mother came up to her and said, "O my boy, O my boy," and stated she had boys overseas, the juror thinking she said ten. At this point the Assistant United States Attorney intervened and stated, "We can't have this. What is going on?" and led the juror away, saying to defendant's mother, "You ought to know better than this." The juror also stated to the Assistant United States Attorney that she was not "talking about the case." The juror testified that the episode did not influence her judgment in any manner; that she did not feel she had been intimidated by the Assistant United States Attorney; that it "definitely" caused no reaction in her which would have changed her decision in the case, one way or the other; that she related the incident to some of the jurors sworn to try the case; and that the matter was not mentioned while the jury were deliberating. This incident has been made the basis for a criminal contempt proceeding in which this court has found that the defendant's mother misbehaved so near the presence of the court as to obstruct the administration of justice, in that, while jurors, witnesses, attorneys, respondent, and spectators were departing from the court room immediately after the announcement of the luncheon recess and within approximately 30 feet of the court room door, in a corridor of the court house adjoining and near the lobby thereof, respondent corruptly, intentionally, and knowingly attempted to influence the decision and judgment of a juror sworn to try the issues of the case of United States v. Thomas Higgins, on trial in Criminal Court No. 3 of the District Court of the United States for the District of Columbia; and defendant's mother has been sentenced to imprisonment for 90 days for such contempt of court. This court did not find in the contempt proceeding that her attempt was successful.

■ Rule 33, F. R. Crim. P., supra, provides that the court may grant a new trial to a defendant "if required in the interest of justice." Assuming the supplemental motion can be considered under the rules, I am of the opinion, on the facts and with a personal knowledge of the atmosphere surrounding the trial of this case, that a new trial is not required in the interest of justice, but rather that justice requires that the verdict be not disturbed. In my view, the defendant has not been prejudiced by the incident and has not been deprived of a fair and impartial trial. The evidence clearly shows that the defendant is guilty of the offense charged, and in the exercise of my discretion, I refuse to grant a new trial because of this incident.

The other grounds set forth in the original motion and supplemental motion are without merit. The motions are therefore denied.