### DEAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. July 6, 1920.)

No. 3460.

Poisons ⬅9—Indictment for unlawful sale of narcotics sufficient.

An indictment under Harrison Antinarcotic Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), for selling morphine and cocaine from paper bags and boxes which were not the "original stamped package" containing said drugs, *held* sufficiently specific as against objection first taken in the appellate court.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Benjamin F. Bledsoe, Judge.

Criminal prosecution by the United States against Harry Dean. Judgment of conviction and defendant brings error. Affirmed.

See, also, 266 Fed. 694.

Warren L. Williams and Seymour S. Silverton, both of Los Angeles, Cal., for plaintiff in error.

Robert O'Connor, U. S. Atty., and Gordon Lawson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

GILBERT, Circuit Judge. Error is assigned to the judgment on the ground that the indictment failed to charge an offense against the United States. No objection was made to the indictment in the court below. It charged:

That the plaintiff in error did knowingly, etc., "sell, dispense, and distribute morphine and cocaine in six paper bags, ten small cardboard boxes, one small celluloid box, and one metal box, which said bags and boxes and either and each of them were not then and there the original stamped packages containing said morphine and said cocaine."

It is said that to charge that the receptacles were not the "original stamped package" is not equivalent to charging that there was failure to pay the special tax required, that the words might mean many things, such as a reference to the label or brand of the package, or the date of purchase stamped upon the receptacle, and that they fail to apprise the accused of the crime charged. When the words are construed with reference to context and the other provisions of the law, there can be no question of their meaning. If they seemed obscure or indefinite to the plaintiff in error, he had his remedy in the court below by demanding a bill of particulars. Having gone to trial upon the indictment as sufficiently charging an offense, he cannot in this court take advantage of any defect or imperfection in matter of form only which did not tend to his prejudice.

The judgment is affirmed.