## WONG LUNG SING v. UNITED STATES.

(Circuit Court of Appeals. Ninth Circuit. February 2, 1925.)

No. 4363.

**1. Customs duties ⊕134—Indictment charging receiving of narcotics after importation held sufficient.**

Indictment charging accused with feloniously receiving narcotics after importation, knowing that they had been unlawfully imported, *held* sufficient, both as respects charge of illegal importation and as to knowledge thereof.

**2. Poisons ⊕9—Indictment for unlawful purchase and disposition of opium held sufficient.**

Indictment for purchasing and disposing of opium, not from original stamped package, charged an offense under Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1923, § 6287g).

**3. Poisons ⊕9—Indictment for purchase and disposition of narcotics need not allege accused belonged to class required to register and pay special taxes.**

Indictment charging unlawful purchase and disposition of narcotics in violation of Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1923, § 6287g), need not allege that accused belongs to class required to register and pay special taxes.

**4. Indictment and information ⊕202(2)—Objection that indictment naming two defendants charged "said defendant" with specific acts not available after verdict.**

That indictment, after naming two defendants, charged "said defendant" with doing acts specified, was not a defect requiring reversal, where objection thereto was made for first time after verdict, in view of Rev. St. § 1025 (Comp. St. § 1691).

**5. Poisons ⊕9—Possession of narcotics permits inference of unlawful possession.**

Under Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1923, § 6287g), possession of narcotics permits inference that possession is unlawful, unless explained to jury's satisfaction.

**6. Poisons ⊕9—Evidence of unlawful possession of opium held sufficient.**

Evidence *held* sufficient to warrant finding that possession of opium was unlawful.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Charles F. Lynch, Judge.

Wong Lung Sing, alias Wong Mat, was convicted of violating the statutes relating to narcotic drugs, and he brings error. Affirmed.

M. H. Hernan and R. B. McMillan, both of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Wong Lung Sing and another man were charged with violation of the statutes relating to narcotic drugs. Wong Lung Sing was the only one tried, and after conviction he sued out writ of error.

The first count charges that Wong Lung Sing and the other man unlawfully, feloniously, and fraudulently did receive, conceal, buy, sell, and facilitate the transportation and concealment of, after importation, certain opium, to wit, 55 cans of prepared smoking opium, containing 324 ounces, 15 grains, and one bindle of yen shee, containing 10 grains, which said prepared opium and yen shee defendant then and there well knew had been imported into the United States contrary to law. Act Feb. 9, 1909. The second count, after formal allegations charging both defendants with violating a requirement of the act of February 24, 1919, alleged that "said defendant did then and there knowingly, willfully, unlawfully, and feloniously purchase, sell, dispose, and distribute a certain quantity of opium, to wit, 55 cans of prepared smoking opium, containing 324 ounces, 15 grains, and a certain derivative of opium, to wit, one bindle of yen shee, containing 10 grains, which said smoking opium and yen shee was not then and there in nor from the original stamped packages."

[1] The first point urged is that the indictment fails to charge a crime, and that no facts are alleged which show that the opium was imported into the United States contrary to law. The act of Congress of February 9, 1909 (35 Stat. 614), as amended January 17, 1914 (38 Stat. 275), amended May 26, 1922 (42 Stat. 596), known as the Narcotic Drugs Import and Export Act, in subdivision (c), section 2 (Comp. St. Ann. Supp. 1923, § 8801), provides that, "if any person fraudulently or knowingly * * * imports * * * any narcotic drug into the United States * * * contrary to law, or assists in so doing, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, such person shall upon conviction be fined not more than $5,000 and imprisoned for not more than ten years." Following the allegations of feloniously receiving after importation is the description of the drugs. Then comes the averment that the defendants received the described prepared smoking opium, then and there well knowing that it had been imported contrary to law.

We are of opinion that the charge is sufficient, both as to illegal importation and knowledge of illegal importation. Keck v. United States, 172 U. S. 434, 19 S. Ct. 254, 43 L. Ed. 505, is to be distinguished. In that case the indictment used the generic expression, "import or bring into the United States" diamonds, contrary to law. It was held that the expression "import and bring into the United States" was vague, and did not convey the necessary information to defendant, because importing merchandise is not per se contrary to law, and could only become so when done in violation of specific statutory requirements, whereas the present statutes absolutely prohibit the importation of opium for smoking purposes. 38 Stat. 275, Act January 17, 1914.

[2] It is said that there is uncertainty in the second count, in that it charges that "defendant" did the things alleged, whereas two defendants were indicted; also that that count fails to allege that defendant was one of the persons required to register under the provisions of the Harrison Narcotic Act (42 Stat. 298). The second count is drawn under the provisions of a clause in section 1 of the act of December 17, 1914, as amended February 24, 1919 (40 Stat. 1131), which provides that "it shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs [narcotics] except in the original stamped package or from the original stamped package, and the absence" of the proper stamps "shall be prima facie evidence of a violation of this section by the person in whose possession same may be found." 42 Stat. 299 (Comp. St. Ann. Supp. 1923, § 6287g). By charging that defendant unlawfully purchased and disposed of certain opium which is described, and which it is alleged was not then and there in nor from the original stamped package, an offense was alleged. Dean v. United States (C. C. A.) 266 F. 694, and 266 F. 695.

[3] The contention that defendant is not alleged to be one of the persons required to register under the provisions of the Harrison Narcotic Act fails to note the distinction between section 1 of that act and section 8 of the act providing for revenue taxes. By section 8 (38 Stat. 788 [Comp. St. § 6287n]) of the last-cited act, it is unlawful for any person "not registered" to have possession of certain drugs, while the section of the Harrison Narcotic Act (40 Stat. 1131) makes it unlawful for any person to purchase, sell, etc. In an indictment for violation of section 8 it may be essential to allege that defendant is of a class required to register, but in a charge based upon that particular provision of section 1, under which the present indictment was drawn, it is not necessary to allege that defendant is of a class required to register and pay special taxes. United States v. Wong Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105; Pierriero v. United States (C. C. A.) 271 F. 912.

[4] The fact that the second count, after naming two defendants, charged "said defendant" with doing acts specified, should not be regarded as fatal. Defendant went to trial under the count, and, having failed to point out the defect which is formal, until after verdict, he should not now be permitted to take advantage of it. Section 1025, Rev. St. U. S. (Comp. St. § 1691).

[5, 6] The question of the sufficiency of the evidence to sustain the verdict is disposed of by mere reference to the testimony, which was that defendant and another man were overtaken in an automobile containing a suit case in which there was the described quantity of opium, which was unstamped; that defendant said he had working clothes in the suit case; that defendant made false statements as to the contents of the suit case; that after the suit case was opened two keys which opened it were found on the person of the defendant; that in his coat pocket were found a can of opium, a hypodermic needle, and a small quantity of yen shee. From the evidence of the possession of the suit case with the contraband narcotic drugs, it was permissible to infer guilt, unless the possession was explained to the satisfaction of the jury. 40 Stat. 1131; Barnes' Fed. Code, p. 2011; Luria v. United States, 231 U. S. 9, 34 S. Ct. 10, 58 L. Ed. 101. Defendant, having failed to make such satisfactory explanation, must abide by the verdict.

The judgment is affirmed.