## LEE TUNG v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. August 3, 1925.)

No. 4488.

1. **Poisons ☞9—Indictment for handling opium preparation imported contrary to law held sufficient.**

Indictment charging accused with unlawfully receiving, concealing, buying, selling, and facilitating transportation and concealment of prepared smoking opium, which accused knew had been imported contrary to law, held sufficient.

2. **Criminal law ☞1056(1) — Alleged error in instructions not considered, in absence of exception.**

Whether effect of instruction given by court similar to that requested by accused was nullified by other instructions given would not be considered, in absence of exception to the modification or to the instructions as given.

3. **Criminal law ☞1056(1)—Alleged error in instruction not considered, where jury returned for reinstruction on point covered, and no special exception was taken to instruction then given.**

In prosecution for violation of drug act, whether instruction on an entrapment was erroneous would not be considered, where the jury after retiring returned and requested reinstruction as to entrapment, and to which instructions no special exception was taken.

4. **Criminal law ☞844(1) — Instructions not reviewable on general exception, where jury returned for reinstruction.**

Where, after retiring, the jury returned and submitted questions, a general exception to re-instructions held of no avail, but special exception must be taken before retirement of jury, in order that court may correct the charge if deemed erroneous.

5. **Criminal law ☞1178 — Generally assignments not discussed in brief not considered.**

Generally assignments of error which are not discussed in brief will not be considered.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

Lee Tung was convicted of unlawfully receiving, buying, and facilitating transportation of an opium preparation imported contrary to law, and he brings error. Affirmed.

Gilman & Harnden, of Oakland, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. The indictment in this case contains two counts, but there was an acquittal under the first count, and we are only concerned with the second. The second count charges that the defendant did unlawfully, knowingly, feloniously, and fraudulently receive, conceal, buy, sell, and facilitate the transportation and concealment after importation of a certain derivative and preparation of opium, to wit, four cards and one jar of prepared smoking opium, containing an approximate total of 42 grains, which said prepared smoking opium, as the said defendant then and there well knew, had been imported into the United States contrary to law.

[1, 2] The assignments of error discussed in the brief of counsel for the plaintiff in error challenge the sufficiency of the second count of the indictment, the sufficiency of the testimony to warrant the submission of the case to the jury, and certain instructions given by the court on the question of entrapment. The second count is sufficient in law (Wong Lung Sing v. United States [C. C. A.] 3 F.[2d] 780), and the testimony on the part of the government was ample to carry the case to the jury. Whether a case of entrapment was made out presented a question of fact for the jury, and not a question of law for the court. The plaintiff in error requested certain instructions on the question of entrapment, which were not given

in the form requested; but the court gave an instruction fully as favorable to the plaintiff in error as those requested. It is claimed, however, that the effect of the latter instruction was nullified by other instructions given by the court. But on that question we deem it sufficient to say that there was no exception taken to the modification of the instruction or to the instructions as given. The only instruction excepted to was the following:

"Moreover, gentlemen, as a general thing, there can be but one entrapment; that is to say, if a person were induced by the officers to make a sale of something declared contraband by the government on one occasion, it can scarcely be said that there was an entrapment if he repeated that offense upon a subsequent occasion."

[3, 4] Whether there was error in this instruction, or not, we need not inquire, because after their retirement the jury returned into court and submitted two questions upon which they desired further instructions. One was whether the indictment covered one sale, or two separate sales, and the other whether the entrapment applied to the second sale. The court again instructed the jury upon these two questions, and upon other questions suggested by jurors in the course of the proceeding, and the only exception taken to the instructions last given was the general one to each and every of the instructions. Such an exception is of no avail. The rule requiring exceptions to be taken before the retirement of the jury is not a technical one. The object of the rule is to give the trial court an opportunity to correct the charge before the jury retires, or at least before the verdict is returned, thus avoiding the necessity for granting a new trial, or for reversal on appeal, for errors that might have been corrected at the time of their occurrence. No such exception was taken in this case. The court was given no opportunity to correct the charge, if deemed erroneous or improper, and there is therefore no question before us for review.

[5] On the argument it was suggested that the court erred in refusing to instruct the jury as to the effect to be given to evidence of good character; but counsel did not deem the question of sufficient importance to discuss it in his brief, and we do not consider it of sufficient moment to depart from the general rule that such assignments will not be considered. Clark v. United States (C. C. A.) 265 F. 104, 107.

The judgment is affirmed.