### PEREZ v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 8, 1926.)

No. 4707.

1. **Indictment and information ⊙⇒130—Count charging unlawful sale and distribution of morphine held properly united with count charging receiving, buying, selling, and facilitating transportation and concealment after unlawful importation.**

Under Rev. St. § 1024 (Comp. St. § 1690), count charging selling, and distributing of morphine, not from original stamped package, in violation of Act Dec. 17, 1914, as amended by Act Feb. 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), was properly united in one indictment with count charging violation of Act

Feb. 9, 1909, as amended by Acts Jan. 17, 1914, and May 26, 1922 (Comp. St. Supp. 1925, §§ 8800, 8801), in receiving, buying, selling, and facilitating transportation and concealment of morphine unlawfully imported, as being in "same class of crimes."

2. **Indictment and information ⊙⇒121(1)— Remedy of accused desiring further details is application for bill of particulars.**

If accused desired further details of charges in indictment, his remedy was by applying for bill of particulars.

3. **Criminal law ⊙⇒824(7)—Failure to charge that accomplice testimony should be received with caution held not assignable as error, in absence of request to charge.**

Court's failure to charge that, if witness purchased narcotics from accused, his testimony would be that of accomplice, and should be received with great caution, was not assignable as error, in absence of request to so charge.

4. **Criminal law ⊙⇒37—That accused, suspected of unlawfully dealing in narcotics, was afforded opportunity to prove fact, held not entrapment.**

That accused, suspected of unlawfully dealing in narcotics, was afforded opportunity to prove fact, *held* not entrapment.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Jose G. Perez, alias Manuel Lopez, was convicted of unlawfully selling, distributing, and dispensing morphine, not from original stamped package, and of receiving, buying, selling, and facilitating transportation and concealment of morphine known to have been unlawfully imported into the United States, and he brings error. Affirmed.

Jose G. Perez, in pro. per.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was indicted in two counts—one charging him with violation of the Act of December 17, 1914, as amended February 24, 1919 (Comp. St. Ann. Supp. 1919, §§ 6287g, 6287l), in selling, dispensing, and distributing a package of morphine not then and there in nor from the original stamped package containing the same; the second charging him with violation of the Act of February 9, 1909, as amended January 17, 1914, and May 26, 1922 (Comp. St. Supp. 1925, §§ 8800, 8801), in receiving, buying,

selling, and facilitating the transportation of and concealment, after importation, of morphine, which he knew had been imported into the United States contrary to law. He was convicted under both counts, and was sentenced to be imprisoned for five years and pay a fine of $100.

[1] He assigns error to alleged action of the trial court in allowing a consolidation of the two counts, contending that they are not of the same nature, and that like penalties are not provided therefor. There was no consolidation of the charges by the court. The two counts were united in the indictment, and both were submitted to the jury without objection on the part of the plaintiff in error. There was no demurrer or motion to quash or motion to require election, and no objection was raised in the court below that the two offenses could not be united in one indictment. They were properly united under section 1024, Rev. Stat. (Comp. St. § 1690), for, although they were charged to have been committed in violation of two distinct statutes, they were transactions of the "same class of crimes," and might be joined "in one indictment in separate counts," and, if they had been presented in distinct indictments, the court might properly have ordered them consolidated.

[2] It is contended that neither count charges an offense within either of the statutes so referred to. No merit is found in the contention. The counts are in the usual form, and contain all the necessary averments. That an offense is properly charged in the first count is established by the following cases: United States v. Wong Sing, 260 U. S. 18, 43 S. Ct. 7, 67 L. Ed. 105; Dean v. United States (C. C. A.) 266 F. 695; Sam Wong v. United States (C. C. A.) 2 F.(2d) 969; Wong Lung Sing v. United States (C. C. A.) 3 F.(2d) 780; Ballestrero v. United States (C. C. A.) 5 F. (2d) 503. And that the second count was sufficient is equally well settled. Wong Lung Sing v. United States (C. C. A.) 3 F. (2d) 780; Lee Tung v. United States (C. C. A.) 7 F.(2d) 111. If further information as to the details of the charges were desired by the plaintiff in error, he had his remedy by applying for a bill of particulars.

[3] It is assigned as error that the court failed to charge the jury that, if the witness Garcia purchased narcotics from the plaintiff in error, his testimony would be that of an accomplice, and should be received with great care and caution. There was no

request for such an instruction, and error is not assignable to the failure of the court to give it. Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Nee v. United States (C. C. A.) 267 F. 84; Wallace v. United States, 243 F. 300, 307, 156 C. C. A. 80.

[4] It is assigned as error that the verdict is not supported by evidence sufficient to convict, and that the evidence was procured by entrapment. There is nothing in the record to sustain the charge of entrapment. The evidence shows only that the plaintiff in error was suspected of dealing in narcotics, and was afforded an opportunity to prove that fact. There was no request for an instructed verdict for want of evidence sufficient to convict, and the record utterly fails to exhibit ground to justify such an instruction.

The judgment is affirmed.