## FOSTER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 23, 1926.)

No. 4724.

**1. Poisons ☞9—Indictment for purchasing, selling, dispensing, and distributing narcotics held sufficient (Harrison Act, § 1, as amended by Act Feb. 24, 1919, § 1006 [Comp. St. Ann. Supp. 1919, § 6287g]).**

Indictment charging defendant and others with having purchased, sold, dispensed, and distributed certain derivatives of opium, to wit, etc., held not insufficient for failure to state whether defendant purchased, sold, dispensed, or distributed the named narcotics, or for failure to allege that defendant was one required by Harrison Act, § 1, as amended by Act Feb. 24, 1919, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), to register with collector of internal revenue.

**2. Customs duties ☞134—Indictment for receiving, concealing, buying, selling, and facilitating the transportation and concealment of unlawfully imported narcotics held sufficient (Narcotic Drug Act 1922 [Comp. St. Ann. Supp. 1923, § 8800 et seq.]).**

Under Narcotic Drug Act 1922 (Comp. St. Ann. Supp. 1923, § 8800 et seq.), indictment charging defendant with having willfully and knowingly received, concealed, bought, sold, and facilitated the transportation and concealment, after importation, of narcotics known to have been imported contrary to law, held sufficient to advise defendant of offense charged.

**3. Indictment and information ☞129(1)—Counts of indictment for trafficking in narcotics held not improperly joined (Harrison Act [Comp. St. §§ 6287g–6287q]; Narcotic Drug Act 1922 [Comp. St. Ann. Supp. 1923, § 8800 et seq.); Rev. St. § 1024 [Comp. St. § 1690]).**

Counts of indictment charging defendant, under Harrison Act (Comp. St. §§ 6287g–6287q), with having purchased, sold, dispensed, and distributed, and under Narcotic Drug Act 1922 (Comp. St. Ann. Supp. 1923, § 8800 et seq.), with having received, concealed, bought, sold, and facilitated the transportation of unlawfully imported opium derivatives, held not improperly joined under Rev. St. § 1024 (Comp. St. § 1690).

**4. Criminal law ☞1120(1)—Error in exclusion of evidence not available where bill of exception does not show nature of evidence or contents of motion to exclude (Const. Amends. 4, 5).**

Error cannot be predicated on overruling motion for exclusion of evidence as obtained in violation of defendant's rights under Const. Amends. 4, 5, where bill of exception does not show contents of motion or nature of evidence or facts.

**5. Criminal law ☞395—Morphine taken from defendant's person held admissible as procured by search after arrest on reasonable grounds (Narcotic Drug Act 1922 [Comp. St. Ann. Supp. 1923, § 8800 et seq.]).**

Morphine taken from defendant after arrest held admissible as procured by search after arrest by officers having reasonable grounds to believe that a violation of the Narcotic Drug Act 1922 (Comp. St. Ann. Supp. 1923, § 8800 et seq.), a felony, was being committed.

**6. Poisons ☞9—Evidence held to sustain conviction for violation of Harrison Act and Narcotic Drug Act (Comp. St. §§ 6287g–6287q; Comp. St. Ann. Supp. 1923, §§ 6287g, 8800 et seq.).**

Evidence held to sustain conviction for violation of Harrison Act (Comp. St. §§ 6287g–6287q) and Narcotic Drug Act 1922, there being nothing to overcome the presumptions arising under Act Dec. 17, 1914, § 1, as amended by Act Feb. 24, 1919, and re-enacted by Act Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, § 6287g), and section 8 (Comp. St. § 6287n), Act Feb. 9, 1909, as amended by Act Jan. 17, 1914, and by Act May 26, 1922 (Comp. St. Ann. Supp. 1923, § 8800 et seq.).

In Error to the District Court of the United States for the Southern Division of the Northern District of California; A. F. St. Sure, Judge.

Harold Foster was convicted of violating the Harrison Narcotic Act and the Narcotic Drug Act, and he brings error. Affirmed.

Hilton & Christensen, of San Francisco, Cal., for plaintiff in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUD-KIN, Circuit Judges.

HUNT, Circuit Judge. [1,2] Writ of error by Foster to review his conviction under two counts of an indictment charging him and one Ida Higgins and others: (1) With having knowingly and willfully purchased, sold, dispensed, and distributed a certain derivative of opium, to wit, one bindle of morphine, which was not in or from the original stamped package containing said morphine; and (2) with having willfully and knowingly received, concealed, bought, sold, and facilitated the transportation and concealment after importation of a certain derivative of opium, to wit, five bindles of morphine and a certain derivative of coca leaves, to wit, one package and four bindles of cocaine, which said morphine and cocaine, as defendant well knew, had been imported into the United States contrary to law

It is contended that the first count is insufficient in that it does not charge whether Foster sold, purchased, dispensed, or distributed the above-named narcotics, and fails to charge that Foster was one of the persons required to register with a collector of internal revenue as required by section 1 of the Harrison Narcotic Act, as amended February 24, 1919 (Comp. St. Ann. Supp. 1919, § 6287g); and that the second count, which is drawn under the Narcotic Drug Act of 1922 (Comp. St. Ann. Supp. 1923, § 8800 et seq.), is fatally defective in that it does not advise defendant what offense he is charged with.

Upon the authority of our decisions in Wong Lung Sing v. United States (C. C. A.) 3 F.(2d) 780, and Lee Tung v. United States (C. C. A.) 7 F.(2d) 111, we hold both counts sufficient.

[3] There is no merit in the assignment that the counts were improperly joined in the indictment. The crimes charged were of the same class, and under section 1024 of the Revised Statutes (Comp. St. § 1690) joinder in one indictment in separate counts was proper. Perez v. United States (C. C. A.) 10 F.(2d) 352, Feb. 8, 1926.

[4] It is contended that the court erred in overruling a motion for the exclusion of certain evidence. The bill of exceptions shows that when the case was called for trial the defendant filed "a motion for the exclusion of certain evidence on the ground that the evidence had been obtained contrary to defendant's rights under the Fourth and Fifth Amendments to the Constitution." What the contents of the motion were, or what was the nature of the evidence or facts upon which the motion was based, does not appear in the bill of exceptions.

[5] During the examination of a witness for the government, the court overruled an objection to the introduction of a package of morphine that was taken from defendant's pocket when he was arrested. Exception was preserved. The objection was based upon the ground that defendant's constitutional rights were invaded, in that no crime was committed in the presence of the officers and that no search warrant had been issued. But as the fact showed that before the arrest of the defendant the officers had reasonable ground to believe that he had violated the Narcotic Drug Act and committed a felony in so doing, the arrest and search were lawful. Cline v. United States (C. C. A. Nov. 1925) 9 F.(2d) 621.

[6] Defendant argues that the evidence was insufficient to justify the verdict. Stated in briefest way, there was testimony that a marked $20 bill was given to an informer who purchased morphine from the defendant Foster; that defendant was arrested and a bindle of morphine was found in his vest pocket; that immediately upon his arrest he dropped two bindles of cocaine on the sidewalk; that afterwards he admitted that he had received the $20 bill and that he had given it to Ida Higgins, who was jointly indicted with defendant. Defendant testified in his own behalf but failed to rebut the statutory presumption that possession of the drugs was a violation of the act under which the first count was drawn (Act Dec. 17, 1914, 38 St. 785, § 1, 40 St. 1131, 42 St. 299, Comp. St. Ann. Supp. 1923, § 6287g, and section 8 [Comp. St. § 6287n]), and also failed to explain his possession of the drugs to the satisfaction of the jury as required by the act under which the second count was drawn (Act Feb. 9, 1909, 35 St. 615, as amended January 17, 1914, 38 St. 275, as amended May 26, 1922, 42 St. 596 [Comp. St. Ann. Supp. 1923, § 8800 et seq.]).

We find no error and affirm the judgment.