### NANCY et al. v. UNITED STATES. *

(Circuit Court of Appeals, Ninth Circuit. December 20, 1926.)

No. 4886.

1. **Criminal law ⟝1144(17)—Presumption is that sentence was imposed under count charging offense to which it is applicable.**

Where sentence might have been imposed under either of two counts of indictment, presumption is that it was imposed under count charging offense to which it is applicable.

2. **Criminal law ⟝1177—Omission to impose fine under count requiring both fine and imprisonment is not available to accused as basis for reversal.**

Omission to impose fine in sentence of imprisonment under count requiring both fine and imprisonment is not matter on which accused can base claim to reversal.

3. **Indictment and information ⟝73(1)— Count of indictment charging both purchase and sale of morphine held not objectionable for repugnancy.**

Count of indictment charging both purchase and sale of morphine held not objectionable for repugnancy, but either purchase or sale or both may be proved thereunder.

4. **Criminal law ⟝1090(8)—Error assigned to admission of evidence is not reviewable, in absence of bill of exceptions.**

Alleged error assigned to ruling in admission of evidence is not reviewable, in absence of bill of exceptions.

*Rehearing denied January 31, 1927.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

George Nancy and another were convicted of violating the anti-narcotic acts, and they bring error. Affirmed.

Raine Ewell, of San Francisco, Cal., for plaintiffs in error.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT and RUDKIN, Circuit Judges, and JAMES, District Judge.

GILBERT, Circuit Judge. This case is similar to that of White v. United States (C. C. A.) 16 F.(2d) 870, and presents the same questions for consideration, excepting that in the present case sentence was not imposed upon the conviction on each count, but a single sentence of imprisonment for the term of five years was imposed.

[1, 2] Referring to the fact that no fine was imposed, and that the judgment was general and was not directed as to either count, it is contended that it was not a judgment authorized under the second count, which specifies that the sentence must be both fine and imprisonment, and that on the face of the record the court must have imposed sentence under count 1 and no sentence under count 2, and that therefore the judgment should be reversed. But that conclusion does not follow. The sentence was one which might have been imposed under either count, and it is to be presumed that it was imposed under the count which charged an offense to which the sentence was applicable. Nor in any event can the plaintiffs in error assert that the omission of a fine is a matter of which they can claim advantage as a ground of reversal. Bartholomew v. United States (C. C. A.) 177 F. 902.

[3] Also without merit is the contention that there was repugnancy in the averments of the first count in charging that the defendants did both purchase and sell three bindles of morphine. Either a purchase, or a sale, or both, might have been proven. Simpson v. United States (C. C. A.) 229 F. 940; Foster v. United States (C. C. A.) 11 F.(2d) 100.

[4] The alleged error assigned to the ruling of the court as to the admission of testimony elicited from one of the plaintiffs in error on cross-examination is not reviewable, in the absence of a bill of exceptions We find no error.

The judgment is affirmed.