## CHING WAN et al. v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit.
November 4, 1929.

No. 5870.

666

John C. Kelley, of Honolulu, Hawaii, and Herbert Chamberlin, of San Francisco, Cal., for appellant Ching Wan.

J. H. Sapiro, Hugh L. Smith and Chas. J. Wisemen, all of San Francisco, Cal., for appellant Tom Lett.

George J. Hatfield, U. S. Atty., of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a judgment of conviction under several counts of an indictment charging violations of the narcotic laws and a conspiracy to violate such laws. The appellant Wan challenges the sufficiency of the indictment and the sufficiency of the testimony to support the conviction. The appellant Lett likewise challenges the sufficiency of the testimony, and presents some other contentions which we deem it unnecessary to consider. The facts in the case, as disclosed by the testimony of one Rosa, the principal witness for the government, are substantially as follows: In the latter part of September, 1928, the appellant Wan approached the witness in Honolulu, handed him an envelope upon which were some Chinese characters, and asked him if he did not desire to go to San Francisco for the purpose of delivering the envelope to some person at 145 Waverly Place in the latter city. Delivery was to be made in the event the witness did not receive a telephone message on the night of his arrival in San Francisco. Witness was informed that he should send a package, containing opium, to the address of his mother in Honolulu, in the name of a third person. Witness agreed to undertake the mission, and was given $375, a part of which was to pay the expenses of the trip, the remainder to be kept as pocket money. On the afternoon of the same day witness sailed for San Francisco, arriving on October 3, 1928. The following day he went to 145 Waverly Place, as directed, and presented the envelope, but was informed that the person to whom it was addressed was not in. He returned a couple of days later, and there met Chew Fook Gum, a defendant not on trial, and apparently not apprehended, to whom the envelope was delivered. Witness was then asked if he could get in touch by wire with the appellant Wan in Honolulu, and answered that he could. A telegram was then sent to Wan, which apparently described the opium and gave the price. Two or three days later in response to a communication by telephone, the witness drove a few blocks in a cab until he met the defendant Gum. He then entered a car driven by Gum, and proceeded a few blocks farther, where he was directed to enter another car driven by the appellant Lett. After entering the latter car, the witness, at his own request, was driven to the express office on the water front. Upon arrival there, the appellant Lett told the witness to get out and do as he was instructed. The witness and the appellant Lett then removed the box containing the opium from the automobile, and the box was delivered to the express company and shipped to Honolulu, where it was seized by government agents.

The objection to the indictment on the part of the appellant Wan is that two counts of the indictment charge that the appellant did purchase and sell opium and another count that he did send and ship certain opium from San Francisco to Honolulu. It is contended that these counts are duplicitous; but the sufficiency of similar indictments has been so often sustained by this court that the question is no longer an open one. Simpson v. United States (C. C. A.) 229 F. 940; Lee Tung v. United States (C. C. A.) 7 F.(2d) 111; Foster v. United States (C. C. A.) 11 F.(2d) 100; Nancy v. United States (C. C. A.) 16 F.(2d) 872.

Equally without merit is the contention of the appellant Wan that the testimony is insufficient to support the verdict. The testimony as set forth above is ample to prove that the appellant Wan aided and abetted in the commission of the several crimes charged in the indictment.

As to the appellant Lett, the case is entirely different. His only connection with

the transactions involved on this appeal was as above set forth. It was not shown that he had any knowledge of the contents of the box transported by him, or of the criminal purposes of the other parties. He simply drove the automobile containing the box to the express office at the request of the witness Rosa, aided him in removing the box from the automobile, told him to do as instructed, and refused to wait for him at the express office when requested so to do. As said in Sugarman v. United States (C. C. A. No. 5915) 35 F.(2d) 663, just decided: "Whatever suspicion these facts and circumstances may give rise to, they are in our judgment legally insufficient to support a verdict of guilty." Had Lett been an expressman or taxi driver of good repute, such circumstances would scarcely give rise to a suspicion against him.

The judgment is therefore affirmed as to the appellant Wan and reversed as to the appellant Lett, with instructions to grant a new trial.