## UNITED STATES v. BUCKNER.

District Court, W. D. Virginia. January 13, 1930.

John Paul, U. S. Atty., of Harrisonburg, Va., and C. E. Gentry, Asst. U. S. Atty., of Charlottesville, Va.

A. S. Hester, of Lynchburg, Va., for defendant.

McDOWELL, District Judge. This indictment (No. 2672), which was returned at Lynchburg on January 7, 1930, charged that the defendant had, on the ——— day of January, 1929, in Lynchburg, Va., aided and abetted an unknown person to *distribute* 7¹³⁄₁₆ ounces of cocaine not in or from the original stamped container. This charge is based on the twelfth paragraph of section 1 of the Harrison Anti-Narcotic Act as amended. See 40 Stats. 1131, 44 Stat. 97, 26 USCA § 692. To this indictment the defendant filed a special plea of former jeopardy, with which he filed as exhibits a copy of another indictment (No. 2643), returned July 1, 1929, at Lynchburg, against this same defendant, and a copy of an order of this court made at Lynchburg on July 3, 1929. Indictment No. 2643 was based on the paragraph of the statute mentioned above, and charged that the defendant on the ——— day of January, 1929, in Lynchburg, *purchased* 7¹³⁄₁₆ ounces of cocaine, not in or from the original stamped package. The order showed that a trial of the said charge was held on July 3, 1929, that the jury brought in a verdict of not guilty, and that the court discharged the defendant.

The plea alleges the identity of the present defendant with that of the defendant tried in July, and also alleges the identity of the two offenses.

The government demurred to the plea, and I overruled the demurrer. Thereupon the government filed a special replication, and the defendant joined issue.

As the pending case has been continued, I take advantage of the opportunity to review my ruling on the demurrer.

As a mere matter of technical pleading, I see no reason why demurring was not a proper way to raise the question at issue. The entire record of the previous trial, the former indictment, and the order of the court, had been exhibited with the plea. A replication of nul tiel record could have produced nothing more. The demurrer did not admit the truth of the allegation of the plea as to the identity of the offense charged; for this is a conclusion of law. That demurring is a proper method, see 8 R. C. L. 119.

The paragraph in question reads, so far as is now material: "It shall be unlawful for any person to purchase, sell, dispense, or distribute any of the aforesaid drugs except in the original stamped package or from the original stamped package; and the absence of appropriate tax-paid stamps from any of the aforesaid drugs shall be prima facie evidence of a violation of this section by the person in whose possession same may be found."

The question presented here is whether the foregoing paragraph creates a single crime which may be committed in several ways, or creates more than one crime.

For the sake of brevity, I shall always in what follows, unless otherwise shown, refer to opium or coca leaves, or some derivative or compound thereof, not in or from the original stamped container. And it will be convenient to express this entire concept by the expression "outlawed drug."

If the statute creates different crimes, the want of identity between purchasing and aiding in distributing is easily shown. One test of difference is that the same evidence will not support both charges. In Burton v. U. S., 202 U. S. 344, 381, 26 S. Ct. 688, 699, 50 L. Ed. 1057, 6 Ann. Cas. 362, it was said: "It is well settled that 'the jeopardy is not the same when the two indictments are so diverse as to preclude the same evidence from sustaining both.'" In 16 Corpus Juris, 264, § 444, it is said: "The safest general rule is that the two offenses must be in substance precisely the same or of the same nature or of the same species, so that the evidence which proves the one would prove the other; or if this is not the case, then the one crime must be an ingredient of the other."

Obviously the same evidence would not here support these two charges. For instance, it would be sufficient under the new indictment to introduce circumstances tending to show that some wholesale illicit dealer had put into the defendant's possession 7¹³⁄₁₆ ounces of cocaine to be thereafter sold by the defendant on commission. Such evidence plainly would not support a charge of purchasing.

Another test, slightly different and more rigid than the former, is that each offense requires proof of a fact which the other does not. See Gavieres v. U. S., 220 U. S. 338, 342, 31 S. Ct. 421, 55 L. Ed. 489. In the instant case the old indictment required evi-

dence of purchase by the defendant, the new indictment does not require any evidence of purchasing by any one. Again, the old indictment did not require evidence of distribution by any one, and the new indictment does require such evidence.

On the other hand, if the statute creates only a single crime which may be committed in different ways, it is evident that the foregoing tests have demonstrated nothing except the fact that the two indictments charge different ways of committing the crime denounced by the statute.

Evidently then it is necessary to determine whether the statute creates one or more than one crime.

As a mere matter of reason, I think it at least somewhat more satisfactory to read the statute as creating a single crime which may be committed in several ways, than to read it as creating more than one crime. The word "purchase" in the statute creates some considerable difficulty. It is rather clear that selling, dispensing, and distributing are merely different ways of committing the offense of disseminating the outlawed drug. But a purchaser may purchase merely for his own consumption, and he does not, in such event, in any strict sense disseminate. We do not in common usage describe one who buys groceries for his own consumption as trafficking in groceries; and hence one who buys an outlawed drug for his own consumption cannot with satisfaction be said to be either disseminating or trafficking. One who purchases outlawed drugs for his own consumption may in some sense be said to aid and assist the seller, but the paragraph in question makes the purchaser guilty as a principal.

However, the statute is not confined to disseminating or trafficking. It is aimed at and denounces in effect commerce in outlawed drugs. And certainly selling and buying is the commonest form of commerce. And the buyer is as certainly engaged in the commerce as is the seller. Buying and selling are merely different aspects of a single transaction. And as this transaction is commerce, it is a fair construction of the statute to hold that the buyer commits the same offense that the seller commits, but in a different way.

While a druggist or a physician may dispense to a donee, and while any one may distribute to donees, what has been said in respect to sellers and buyers is equally applicable to dispensing and distributing to purchasers.

There is room for dissatisfaction with a count which charges all of what I regard as the ways of committing the offense of engaging in commerce in an outlawed drug, or which charges merely selling and buying. But the objection is want of certainty, and not duplicity. A defendant charged in a single count with both selling and buying may well say that the count is uncertain. He may be confronted with evidence tending to show that the defendant either purchased from A, or sold to A, or that the defendant purchased from A and sold to B. But we have at present no concern with the vice of uncertainty. It can be cured by a sufficient bill of particulars. The fact that a statute affords opportunities for uncertain indictments does not show whether the statute denounces two or more crimes, or denounces a single crime which may be committed in two or more ways.

It is elementary that a single count which charges two crimes is duplicitous. And a decision that a single count charging, under the twelfth paragraph of section 1 of the Narcotic Act as amended (26 USCA § 692), purchasing, selling, dispensing, and distributing, is not duplicitous, is also in effect a decision that the statute charges only a single offense, which may be committed in different ways.

In 31 Corpus Juris, 764, it is said: "It is well settled rule of criminal pleading that, when an offense against a criminal statute may be committed in one or more of several ways, the indictment or information may, in a single count, charge its commission in any or all of the ways specified in the statute."

In Barker v. U. S. (C. C. A.) 6 F.(2d) 149, it was said: "The third count charges that on a date named, within the jurisdiction of the court, the plaintiff in error did unlawfully, willfully, knowingly, and feloniously purchase, sell, dispense, and distribute a certain derivative of opium, to wit, about two grains of morphine, which said morphine was not then and there in, nor from, the original stamped package. This count is sufficient in law. Stubbs v. United States (C. C. A.) 1 F.(2d) 837; Sam Wong v. United States (C. C. A.) 2 F.(2d) 969."

In Foster v. U. S. (C. C. A.) 11 F.(2d) 100, 101, it was said: "Writ of error by Foster to review his conviction under two counts of an indictment charging him and one Ida Higgins and others: (1) With having knowingly and willfully purchased, sold, dispensed, and distributed a certain derivative of opium, to wit, one bindle of morphine,

which was not in or from the original stamped package containing said morphine; and (2) * * * Upon the authority of our decisions in Wong Lung Sing v. United States (C. C. A.) 3 F.(2d) 780, and Lee Tung v. United States (C. C. A.) 7 F.(2d) 111, we hold both counts sufficient."

In Ching Wan v. U. S. (C. C. A.) 35 F. (2d) 665, 666, it was said: "The objection to the indictment on the part of the appellant Wan is that two counts of the indictment charge that the appellant did purchase and sell opium and another count that he did send and ship certain opium from San Francisco to Honolulu. It is contended that these counts are duplicitous; but the sufficiency of similar indictments has been so often sustained by this court that the question is no longer an open one. Simpson v. United States (C. C. A.) 229 F. 940; Lee Tung v. United States (C. C. A.) 7 F.(2d) 111; Foster v. United States (C. C. A.) 11 F.(2d) 100; Nancy v. United States (C. C. A.) 16 F.(2d) 872."

■ It is true that the first indictment here charges the defendant with being a principal (in purchasing), and the present indictment charges him only with being an accessary (in distributing). If purchasing and distributing are merely different ways of committing a single offense, the difference in the two indictments is of no importance. When the jury, in July, was sworn, the defendant was put in jeopardy of the crime denounced in the paragraph in question, and he cannot be made to stand two trials merely because the draftsman of the first indictment saw fit to charge only one of the ways of committing that crime. In 16 Corpus Juris, 270, § 448, it is said: "Where one act constitutes several crimes there may be a separate prosecution for each crime; but the state cannot split up a single crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime."

It was a rule at the common law that jeopardy as a principal did not forbid a subsequent prosecution as an accessary. Heard's Crim. Pl. Students' Series, p. 285; 8 R. C. L. 144, § 128; 17 Am. & Eng. Ency. (2d Ed.) 600. However, the federal accomplice statute (section 332, Crim. Code, 18 USCA § 550) has abolished this rule of the common law. If the first indictment had charged the defendant, in one or in four counts, with purchasing, selling, dispensing, and distributing, as would have been permissible and judicious, he could have been con-

victed for aiding or abetting some one else to commit the crime in any one of the ways in which a principal could commit it. In other words, charging a defendant as a principal in any federal crime puts him in jeopardy also as aider or abetter. See 16 Corpus Juris, 281, § 478, in which it is said that old rule prevails, "except when accessaries may be indicted as principals."

It is true that under the first indictment here the defendant could only have been convicted of purchasing or of aiding or abetting some one else in purchasing. But this is true merely because the draftsman injudiciously charged only one of the ways in which the offense could be committed.

I must conclude that the demurrer was properly overruled.

■ The replication is simply an effort to again raise the same question of law that was raised by the demurrer. The defendant's counsel should have demurred to the replication. But the error in joining issue on it can make no change in result. I think the defendant is threatened with being twice put in jeopardy for the same crime, and mistakes in procedure cannot possibly authorize a violation of the defendant's constitutional right.