**Miguel A. TORRES MARTINEZ,**
Defendant, Appellant,

**v.**

**UNITED STATES of America,**
Plaintiff, Appellee.

**No. 4897.**

United States Court of Appeals,
First Circuit.

March 28, 1955.

Appellant was indicted on June 23, 1953, on 13 counts each charging a narcotics offense. He pleaded guilty to the indictment as a whole. The court sentenced him on November 2, 1953, to imprisonment for three years on count 1, and for two years each on counts 2 and 3, these three sentences to run consecutively; sentences of two years' imprisonment were imposed on count 4, and one year each on counts 5 to 13, inclusive, the sentences on counts 4 to 13 to be served concurrently with each other and concurrently with the sentence imposed on count 3.

On this appeal we have only to consider counts 1 and 2, and the consecutive sentences imposed thereon. It is appellant's contention that counts 1 and 2 are for the same offense, wherefore he moved the court "to vacate the illegal sentence of three years imposed in Count One."

In considering the argument advanced, we must of course bear in mind the well-settled proposition that the same act or transaction may constitute two distinct federal offenses, and justify findings of guilty on two counts and separate sentences thereon to run consecutively, if each offense as defined by Congress requires the proof of some fact or element not required to establish the other. See our general discussion of the problem of multiple offenses in Ekberg v. United States, 1 Cir., 1948, 167 F.2d 380.

Count 1 in the instant case charged an offense under 26 U.S.C. § 2553(a), for which the penalty is prescribed in § 2557 (b) (1). Section 2553(a) provides that it shall be unlawful:

Miguel A. Torres Martinez, pro se.

Rubén Rodríguez Antongiorgi, U. S. Atty., and Luis Domingo Miranda, Asst. U. S. Atty., San Juan, Puerto Rico, on brief, for appellee.

Before MAGRUDER, Chief Judge, and MARIS and WOODBURY, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court, without opinion, denying a motion under 28 U.S.C. § 2255 for correction of a criminal sentence.

"for any person to purchase, sell, dispense, or distribute any of the drugs mentioned in section 2550(a) except in the original stamped package or from the original stamped package; * * *."

Count 1 charged as follows:

"On or about February 10, 1953, in San Juan, Puerto Rico, in the District of Puerto Rico, Miguel A. Torres Martínez sold fifty capsules of diacetyl morphine hydrochloride, a

derivative of opium, commonly known as hereon, not in or from the original stamped package."

Count 2 charged an offense under 21 U.S. C.A. § 174, reading:

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported contrary to law, * * * shall be fined not more than $2,000 and imprisoned not less than two or more than five years. * * *."

The allegations in count 2 were in part as follows:

"On or about February 10, 1953, in San Juan, Puerto Rico, in the District of Puerto Rico, Miguel A. Torres Martínez knowingly and fraudulently, did receive, conceal, sell, and facilitate the transportation, concealment, and sale of fifty capsules of diacetyl morphine hydrochloride, a derivative of opium, commonly known as heroin, after said heroin had been imported and brought into the United States contrary to law * * *."

■■ It is obvious that the offenses described in 26 U.S.C. § 2553(a) and in 21 U.S.C.A. § 174 are not necessarily identical in respect of the elements of proof required. One may be guilty of selling heroin not in or from the original stamped package, though the drug may have been lawfully imported and illegally acquired by the defendant after its importation. So, one may be guilty of selling heroin not in or from the original stamped package, where the drug in question may have been illegally imported but the defendant did not know that the same had been imported contrary to law. On the other hand, to make out an offense under 21 U.S.C.A. § 174, it is necessary to establish both that the drug had been illegally imported and

that the defendant had knowledge of that fact. Kalos v. United States, 8 Cir., 1925, 9 F.2d 268.

Since then the offenses under the two sections of law may be separate and distinct, perhaps after plea of guilty and sentence thereon the two counts should be read with every reasonable intendment taken in favor of the government. But we shall not rely upon that technicality. At the hearing in the district court, prior to the imposition of sentence, the United States Attorney informed the court that counts 1 and 2 "refer to the same transaction", which we have no doubt was so, since the allegations in the two counts were identical as to date, place, and amount and description of the drug. Hence we shall take it in appellant's favor as though the two counts on their face incontestably referred to the same transaction.

On the foregoing assumption, appellant's argument is this: That proof of selling heroin knowing the same to have been imported contrary to law (count 2) establishes every essential element of selling the same heroin not in or from the original stamped package (count 1), for the reason that illegally imported heroin would of necessity not be in or from the original stamped package. We are not clear that this would be so. For instance, might not an importer, believing in good faith that he had complied with the conditions prescribed for lawful importation, pay the tax imposed by 26 U.S.C. § 2550(a) and affix to the packaged drug the corresponding revenue stamp; in which case, while the importation would still be contrary to law, would it nevertheless not be possible to make a subsequent sale of the drug in or from the original stamped package? But passing that difficulty, we think that there is another and conclusive answer to appellant's contention:

■ 21 U.S.C.A. § 174 in the disjunctive establishes multiple offenses. It punishes not merely the act of selling, but also the act of fraudulently or knowingly importing narcotic drugs contrary to law, and the separate offenses, after such importation, of receiving, conceal-

ing, buying the same, or in any manner facilitating the transportation, concealment or sale thereof, knowing them to have been imported contrary to law. The language in Burton v. United States, 1906, 202 U.S. 344, 377, 26 S.Ct. 688, 697, 50 L.Ed. 1057, is applicable here, that "Congress intended to place its condemnation upon each distinct, separate part of every transaction coming within the mischiefs intended to be reached and remedied."

■ Similarly, count 2 in this case, based as it was upon 21 U.S.C.A. § 174, charged more than the mere act of selling, but in the conjunctive also charged the separate offenses of knowingly and fraudulently receiving and concealing, and facilitating the transportation and concealment, of the forbidden drug, knowing it to have been imported contrary to law. All these separate offenses may be committed without the defendant's having committed the act of selling, and as to these offenses there is no possible overlapping with the offenses charged in count 1. This has many times been held. Perez v. United States, 9 Cir., 1926, 10 F.2d 352; Silverman v. United States, 1 Cir., 1932, 59 F.2d 636; Corollo v. Dutton, 5 Cir., 1933, 63 F.2d 7; Sorrentino v. United States, 9 Cir., 1947, 163 F.2d 627; Bruno v. United States, 9 Cir., 1947, 164 F.2d 693, certiorari denied, 1948, 333 U.S. 832, 68 S.Ct. 459, 92 L.Ed. 1117; McDade v. United States, 6 Cir., 1953, 206 F.2d 494.

■ If it be objected that count 2, as we have construed it, had the defect of being duplicitous, the answer is that such objection would come too late now, the defendant having made no motion under Rule 12(b) of the Federal Rules of Criminal Procedure, 18 U.S.C., and the court having imposed sentence upon the plea of guilty to count 2 in the form in which the grand jury handed it down. The plea of guilty was an admission of guilt of all the separate offenses predicated upon the distinct elements of the transaction set forth in count 2.

The order of the District Court is affirmed.