**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Mateo OZUNA–AMADOR, Defendant-**
**Appellant.**

**No. 31070.**

United States Court of Appeals,
Fifth Circuit.

June 11, 1973.

Arturo C. Gonzales, Del Rio, Tex., for defendant-appellant.

William S. Sessions, U. S. Atty., James W. Kerr, Jr., Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEWIN, THORNBERRY and CLARK, Circuit Judges.

PER CURIAM:

Mateo Ozuna-Amador appeals from a two count conviction under 21 U.S.C. § 174.[1] Concurrent five year sentences were imposed on each count. We affirm.

Amador contends that the following errors were committed at his trial: (1) the evidence was insufficient to sustain his conviction; (2) the jury verdict was inconsistent in that he was found guilty of both importing heroin into the United States and receiving and concealing the same after importation; (3) the *Allen* charge as given to the jury in this case was per se coercive.

Because of Amador's *Allen* charge argument, the final disposition of this case was postponed pending en banc consideration of United States v. Bailey, 468 F. 2d 652 (5th Cir. 1972). In *Bailey* the panel expressed serious doubts about the fairness of the *Allen* charge, but in the final analysis felt compelled to uphold its use because of the overriding principle of stare decisis. This court, sitting en banc, decided to adhere to previous fifth circuit cases approving the *Allen* charge and accordingly affirmed the panel opinion in Bailey. United States v. Bailey, 480 F.2d 504 (5th Cir. 1973) [En Banc].

█ In light of this action, it is now evident that Amador's contentions as to the charge are without merit. We note

1. 21 U.S.C. § 174 provided as follows:
Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States.

. . .

The above criminal statute was repealed by Congress October 27, 1970. See §§ 1101(a)(2), (4) and 1105(a) of Public Law 91–513 as reported in 1970 U.S. Code Cong. and Adm.News, p. 4647. Amador was indicted before that date and no issue was raised as to the applicability of this statute.

that Amador raised no objection to the giving of the *Allen* charge at the trial, but even if he had done so, we would reach the same result. The en banc decision of this court in *Bailey* makes that fact obvious.

 Lengthy discussion of Amador's other contentions would serve no useful purpose. Taking the view most favorable to the government, we must conclude that there was ample evidence in the record to support the jury's verdict. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, 704 (1942). Finally, Amador's attack on the jury verdict must fail for the simple reason that 21 U.S.C. § 174, worded in the disjunctive, states two separate criminal offenses. See Martinez v. United States, 220 F.2d 740, 742–743 (1st Cir. 1955).

Judgment affirmed.