## WILLIAMS et al. v. UNITED STATES.

(Circuit Court of Appeals. Sixth Circuit. February 3, 1925.)

No. 4221.

1. **Conspiracy ⬤═43(6)—Indictment and information ⬤═125(5½)—Indictment for conspiracy to violate National Prohibition Act held sufficient.**

Indictment charging conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), through unlawful agreements to possess, sell, transport, store, and deal in intoxicating liquor, and specifying certain overt acts, held sufficient, without charging transportation to be without permit, in view of title 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s), nor is it invalid as charging various separate and distinct offenses in one count.

2. **Indictment and information ⬤═110(10)—Indictment following statute in alleging overt act sufficient.**

Indictment charging conspiracy is sufficient, if it follows language of statute and contains sufficient statement of overt act to effect object of conspiracy.

3. **Indictment and information ⬤═121(2)—Bill of particulars allowable.**

Where indictment is sufficient, but defendants claim they need further facts to prepare defense, their remedy is to call for bill of particulars.

4. **Conspiracy ⬤═28—Essentials of conviction for conspiracy to commit crime stated.**

It is not necessary to conviction that object of conspiracy be accomplished, that overt act be in itself criminal, nor that more than one of conspirators take part in it, and only one of overt acts charged need be committed.

5. **Criminal law ⬤═262—Want of arraignment and plea held not to invalidate conviction.**

Where failure to arraign defendants and require them to plead was not raised until after conviction by defendants, who were present in court and represented by counsel, conviction was not invalidated thereby.

6. **Conspiracy ⬤═47—Circumstantial evidence sufficient.**

Direct testimony of conspiracy is unnecessary, but it may be established by circumstantial evidence, showing concerted action in committing unlawful act, or by proof of facts creating inference that unlawful act was in furtherance of conspiracy.

7. **Conspiracy ⬤═47—Evidence held to sustain conviction for conspiracy to violate National Prohibition Act.**

Evidence held to sustain conviction for conspiracy to violate National Prohibition Act, tit. 2, § 3 (Comp. St. Ann. Supp. 1923, § 10138½aa), by unlawfully agreeing to possess, sell, transport, store, and deal in intoxicating liquor.

8. **Criminal law ⬤═304(20)—Court takes judicial notice whisky is intoxicating liquor.**

Court takes judicial notice that whisky is both distilled and intoxicating liquor.

**9. Criminal law ⊶1159(2)—Circuit Court of Appeals cannot weigh testimony.**

Where indictment is supported by substantial evidence, Circuit Court of Appeals cannot weigh testimony, or pass on credibility of witnesses.

**10. Jury ⊶110(3)—Juror's disqualification, because not householder, held waived by failure to challenge.**

Juror's disqualification, because he is not householder, as required by Shan. Code Tenn. § 5813, and Judicial Code, § 275 (Comp. St. § 1252), is merely ground of challenge propter defectum, which is waived by failure to challenge voluntarily, through negligence, or through want of knowledge of disqualification.

**11. Criminal law ⊶957(3)—Verdict not impeached by evidence concerning arguments of jurors.**

Verdict may not be impeached by evidence relating to arguments advanced by individual jurors during course of jury's deliberations.

**12. Criminal law ⊶1156(2)—Court's ruling on motion for new trial not reviewable, except for abuse of discretion.**

Motion for new trial on ground of preponderance of evidence and of newly discovered testimony is addressed to trial court's discretion, which cannot be reviewed, in absence of abuse thereof.

In Error to the District Court of the United States for the Middle District of Tennessee; John J. Gore, Judge.

Joe Williams and others were convicted of conspiracy to violate National Prohibition Act, and they bring error. Affirmed.

Wynne F. Clouse, of Cookeville, Tenn., for plaintiffs in error.

A. V. McLane, U. S. Atty., of Nashville, Tenn.

Before DONAHUE, MACK, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiffs in error were convicted on an indictment charging them and four others (Duggan, Leech, Duffy, and Hussell) with conspiracy "to commit an offense against the United States, namely, to violate section 3, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½aa), dated October 28, 1919, by entering into unlawful agreements, contracts, or understandings, by and between said parties above named, to possess, sell, transport, store, and deal in intoxicating liquor containing more than one-half of 1 per cent. of alcohol by volume, in violation of the said National Prohibition Act above referred to." The overt acts alleged were (a) using certain premises in Nashville, called the New Commercial Hotel, for "storing, bartering, and selling in-

toxicating liquors" therein; (b) the leasing by defendant Joe Williams of these premises, the receipt of rents therefrom, and the depositing of the same in a bank in the name of the New Commercial Hotel; (c) the passing upon and introduction by Duggan to defendant Joe Williams and others as being those to whom liquor could safely be sold; (d) and the acting by Leech and Duffy and defendants Fly and John Williams as agents and clerks in the premises named, and their aiding and abetting in the sale of such intoxicating liquor. A motion to quash the indictment, as not charging "any particular offense cognizable under the laws of the United States" was overruled, except as to Hussell and Duffy, who were discharged on motion of the District Attorney. Motion for new trial was denied, except as to Duggan and Leech, as to whom the court recommended a nolle pros. There was also denial of motion in arrest of judgment as to plaintiffs in error.

[1-4] 1. The motion to quash the indictment was properly overruled. The gist of the offense charged is conspiracy. The indictment is not so vague and indefinite in its statement of facts as not to enable defendants intelligently to prepare their defense, or to have protection against further prosecutions. It is the general rule that an indictment charging conspiracy is sufficient, if it follows the language of the statute and contains a sufficient statement of an overt act to effect the object of the conspiracy. Rudner v. United States (C. C. A. 6) 281 F. 516, 518; Remus v. United States (C. C. A. 6) 291 F. 501, 504; De Witt v. United States (C. C. A. 6) 291 F. 995, 998. Had defendants required further detailed information to prepare for trial, the established federal rule enabled them to obtain the same by calling for bill of particulars. Rosen v. United States, 161 U. S. 29, 34, 16 S. Ct. 434, 480, 40 L. Ed. 606; Dierkes v. United States (C. C. A. 6) 274 F. 75, 79. The indictment was not defective in failing to charge that the transportation was to be without a permit. National Prohibition Act, tit. 2, § 32 (Comp. St. Ann. Supp. 1923, § 10138½s); De Witt v. United States, supra, at pages 998, 999; Rudner v. United States, supra, at page 518. It was not necessary to conviction that the object of the conspiracy be accomplished (United States v. Rabinowich, 238 U. S. 78, 85, 86, 35 S. Ct. 682, 59 L. Ed. 1211), nor that the overt act be in itself a criminal act; "still less need it constitute the very crime that is the object of the conspiracy" (United States v.

Rabinowich, supra, at page 86 [35 S. Ct. 684]; Goldman v. United States, 245 U. S. 474, 477, 38 S. Ct. 166, 62 L. Ed. 410; Pierce v. United States, 252 U. S. 239, 244, 40 S. Ct. 205, 64 L. Ed. 542). Only one of the overt acts charged need be committed. Wilkes v. United States (C. C. A. 6) 291 F. 988, 995. Nor need more than one of the alleged conspirators take part in it. United States v. Rabinowich, supra, at page 86 (35 S. Ct. 682). The indictment is not made invalid as charging various separate and distinct offenses under a single count. The single offense charged is a conspiracy to violate the National Prohibition Act in the manner stated. Rudner v. United States, supra, at page 519. Both the motion to quash and the motion in arrest of judgment were properly denied.

[5] 2. The alleged failure to arraign defendants and require them to plead to the indictment is asserted under motion for new trial. The point was not raised until after conviction, and it does not seem to be claimed that the alleged failure, if it existed, was overlooked by defendants, who were personally present in court and were represented by counsel, who cross-examined witnesses and actively participated in the trial. If, as against the recital in the order of the court of the plea of not guilty, and in absence of express admission of such failure to arraign on the part of the trial court or government counsel, the fact of such lack of arraignment can be established by affidavit, we think the conviction not invalidated thereby. Garland v. Washington, 232 U. S. 642, 646, 34 S. Ct. 456, 58 L. Ed. 772.

[6-9] 3. *The Sufficiency of the Proofs.*— Direct testimony of the formation of a conspiracy is unnecessary. It may be established by circumstantial evidence showing concert of action in the commission of an unlawful act, or by proof of other facts from which the natural inference arises that the unlawful act was in furtherance of a common design of the alleged conspirators to commit the same. Davidson v. United States (C. C. A. 6) 274 F. 285, 287. There was competent evidence tending to show that defendant Joe Williams, despite a claimed sale to Hussell, was the owner and active manager of the New Commercial Hotel at the time laid in the indictment, and in personal oversight of the liquor selling; that he kept a bank account in the name of that hotel, in which deposits were made during the months of June to September, 1923, both inclusive; that on one of the raids made by the officers that defendant was found on the premises, and on one such occasion was seen running toward the back door; that Fly and Leech were acting as clerks in the hotel; that certain of the defendants passed on the eligibility of would-be purchasers, only those known and satisfactory being admitted; that as a result of a raid there were found liquors and abundant evidence of liquor selling, including whisky, which we take judicial cognizance is both a distilled and intoxicating liquor. Albert v. United States (C. C. A. 6) 281 F. 511, 513. There was also proof of sales of liquor, and abundant testimony tending to show that a clandestine retail liquor business or "speak-easy" was being maintained, including the employment of secret and circuitous methods. It appeared that on one occasion the officers had to force the door in order to make an entrance. True, not all the government's witnesses were apparently of high character, and some items of government testimony may have been unreliable; but it is a commonplace that, where there is substantial evidence to support the indictment, we cannot weigh the testimony or pass upon the credibility of witnesses. Burton v. United States, 202 U. S. 344, 373, 26 S. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 362; Kelly v. United States (C. C. A. 6) 258 F. 392, 406, 169 C. C. A. 408. We find no prejudicial variance between the indictment and the proofs. There was thus no error in refusing to direct verdict for defendants.

[10] 4. The alleged incompetency of Juror Gray was first presented on motion for new trial. By Judicial Code, § 275 (Comp. St. § 1252), qualification of jurors was determinable by the laws of Tennessee, which required that a juror be "a freeholder or householder." Shannon's Ann. Code, § 5813. It appears that the juror in question was summoned from bystanders as a talesman, as provided by law; that he qualified and was accepted. The District Judge states that the juror was asked upon his voir dire if he was a householder or a freeholder in the Middle district of Tennessee, to which he replied that he was. The affidavit of the juror states that he owned no lands in Tennessee; that his wife was dead and all his children nonresidents of Tennessee; that the juror lived at a certain street number in the home of another person, from whom he rented, and to whom he made weekly payments for his room. We are cited to no authority that, according to the juror's statement, he was not a householder. But, assuming that he was not such, we think the verdict was not thereby vitiated. It is, we

think, the general rule that such disqualification is only ground of challenge propter defectum, which is waived by failure to exercise the challenge either voluntarily or through negligence, or through want of knowledge of the disqualification. Kohl v. Lehlback, 160 U. S. 293, 302, 16 S. Ct. 304, 40 L. Ed. 432; Brewer v. Jacobs (C. C.) 22 F. 217, 231 et seq., cited in Kohl v. Lehlback, supra, page 301 (16 S. Ct. 304); Hamilton v. State, 101 Tenn. 417, 418 et seq., 47 S. W. 695; Givens v. State, 103 Tenn. 648, 666, 55 S. W. 1107.

[11] 5. *Deliberations of the Jury.*—On motion for new trial affidavits of two jurors were produced, to the general effect .that some of the jurors were induced to vote· for conviction through the argument of other jurors that the fact that defendants had not taken the stand, and denied their guilt, was a circumstance against them; and that this, together with the fact that no proof had been offered except by the government, made it the jury's imperative duty to convict. It is fundamental that a verdict may not be impeached by the testimony of its members regarding arguments advanced by individual jurors in the course of the jury's deliberations. There is not here presented a case of attempts from without to influence the jury. The influence was altogether from within. See Hyde v. United States, 225 U. S. 347, 381, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Hughes v. State, 126 Tenn. 50, 91 et seq., 148 S. W. 543, Ann. Cas. 1913D, 1262.

[12] 6. *Preponderance of Evidence and Newly Discovered Testimony.*—These grounds of motion for new trial were addressed to the sound discretion of the trial court, which cannot be reviewed, in the absence of abuse thereof. Robinson v. Van Hooser (C. C. A. 6) 196 F. 620, 627, 116 C. C. A. 294. In his opinion denying the motion for new trial, in referring to the alleged lack of sufficient evidence to support the verdict, the judge said: "It is hardly conceivable that an honest jury could have rendered .a different verdict from the proof in the record." We find nothing to indicate any abuse of· discretion in overruling the motion.

The remaining criticisms presented are not such as to call for comment. We have considered them all, and find no prejudicial error in the record, and nothing to indicate that plaintiffs in error have not had a fair trial.

The judgment of the District Court is accordingly affirmed.