**UNITED STATES v. GRIDLEY et al.**
No. 14098.

District Court, E. D. Michigan, S. D.
April 28, 1931.

Gregory Frederick, U. S. Atty., of Detroit, Mich.

Anthony Nelson and Edmund E. Shepherd, both of Detroit, Mich., for defendants.

TUTTLE, District Judge.

This is a petition by the defendants for leave to file a motion for a new trial.

The petitioners, Willis T. Gridley and Gladys Wright, on March 15, 1929, after a protracted trial in this court, were convicted of the offense of using the mails to defraud, in violation of section 215 of the Criminal Code (18 USCA § 338). On November 6, 1930, this conviction was affirmed by the Circuit Court of Appeals for the Sixth Circuit, in an exhaustive opinion, which covered twenty-four pages of the printed report of such opinion. Gridley v. United States, 44 F.(2d) 716, 731. On March 9, 1931, the United States Supreme Court, 51 S. Ct. 351, 75 L. Ed. ——, refused to grant the writ of certiorari sought by the defendants. Thereafter, and two years after the expiration of the term of this court at which the judgment of conviction of the defendants was entered, the defendants filed the petition already mentioned. The grounds for a new trial alleged in this petition are: That the jury considered certain matters outside of the evidence produced at the trial; that the evidence did not support the verdict; and that such verdict was against the overwhelming weight of the evidence. For several reasons, this petition must be denied.

Even if the petitioners were otherwise entitled to a new trial, it would be necessary to deny this petition for the reason that the term of court at which the judgment of conviction was entered expired without the filing of any motion for a new trial or any request for an extension of time for the filing of such a motion, and therefore this court has no jurisdiction to now grant such relief. As this court said in its opinion in United States v. Luvisch, 17 F.(2d) 200, at page 202:

"It is now fully established by decisions of the United States Supreme Court that where, as here, the term at which a final judgment of a federal court has been rendered has expired, without the filing of any application to set aside such judgment, or to extend to a future term the time for filing such an application, such court is without jurisdiction or power to grant such an application filed at a subsequent term. Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797; Phillips v. Negley, 117 U. S. 665, 6 S. Ct. 901, 29 L. Ed. 1013; United States v. Mayer, 235 U. S. 56, 35 S. Ct. 16, 59 L. Ed. 129."

In the case of United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 20, 59 L. Ed. 129, a new trial was sought, after the expiration

of the term, on the ground of improper conduct by a juror. The trial court found that the facts on which the defendant based its application were not discovered until after the expiration of the term at which he had been convicted. Nevertheless, the Supreme Court, speaking by Mr. Justice Hughes, held that the court lacked jurisdiction to grant relief, saying, among other things:

"In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial (Judicial Code, § 269 [28 USCA § 391])—an application which is addressed to the sound discretion of the trial court, and, in accordance with the established principles which have been repeatedly set forth in the decisions of this court above cited, cannot be entertained, in the absence of a different statutory rule, after the expiration of the term at which the judgment was entered."

There being no statute conferring such jurisdiction, this court has no power to grant the relief prayed. But, even if this court had the power to grant this petition, the petition would not be granted. I have carefully examined and considered the allegations and arguments presented by the petitioners, and I find no reason for supposing that the petitioners have any just cause for complaint.

■ It is well-settled law that where, as here, it is not claimed that any improper attempt to influence a juror has been made, the verdict of a jury cannot be impeached by statements of the members of such jury concerning the reasons which prompted them to reach such verdict. Hyde v. United States, 225 U. S. 347, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Williams v. United States, 3 F.(2d) 933, 936 (C. C. A. 6); Lancaster v. United States, 39 F.(2d) 30 (C. C. A. 5). As was said by the Circuit Court of Appeals for the Sixth Circuit, in Williams v. United States, supra:

"It is fundamental that a verdict may not be impeached by the testimony of its members regarding arguments advanced by individual jurors in the course of the jury's deliberations. There is not here presented a case of attempts from without to influence the jury. The influence was altogether from within."

■ Assuming, however, that statements of a juror concerning the deliberations of the jury of which he was a member could be considered in impeachment of a verdict of such jury, and assuming further that the three affidavits submitted by these defendants correctly recite the statements which one of the woman jurors in this case is alleged to have made after the rendition of the verdict, I am satisfied that such statements do not contain any sufficient basis for a new trial. It is clear from these affidavits that the jury were convinced of the guilt of the defendants. One affidavit quotes this juror as saying that "it was plain to her that the whole plan and purpose was a scheme to defraud the people of their money." The second affidavit shows that the said juror said: "I think it was a scheme to get the people's money." This affidavit further quotes this juror as saying: "It was very plain to the jury that it was just a scheme to get the members' money." It appears from the third affidavit that the juror in question stated "that it was quite plain to her that it was simply a scheme to get the people's money." It is very plain that the jury believed the defendants guilty of the scheme to defraud, of which they were convicted.

I have carefully considered the claims of the defendants to the effect that the verdict was not supported by, but was contrary to, the evidence, and I am fully satisfied that such claims are entirely without merit. There is no occasion to now review or discuss the evidence. This was done at length by the Circuit Court of Appeals in its opinion already cited. That court expressed, in no uncertain terms, its conclusion that the verdict of the jury was amply supported by the evidence. Its conclusions in this connection are fairly indicated by the following excerpts from its opinion:

"The representation that he [Gridley] had authentic proofs or any data or evidence tending to show that the descendants had the moral right to the property and that their case could be so won was absolutely false. * * * It must be taken as a matter beyond reasonable doubt that the appellants knew that the representation which they made according to their witnesses was false and that they made it with fraudulent intent. It was obviously without foundation. It could not have proceeded from honest ignorance or delusion. * * * According to their own showing, therefore, appellants had for a period of four years at least, prior to the finding of the indictment, falsely and with fraudulent intent represented that they possessed and had access to information and evidence which would establish at least that Trinity

Church had wrongfully deprived the descendants of their property and that morally same was rightfully theirs and that the publication of same would convince the public that such was the case, or, in other words, that such information and evidence would enable them to win their case at the bar of public opinion. By reason thereof they obtained from the descendants a large sum of money. Beyond all question they were thus engaged in putting over a colossal humbug to enrich themselves at the expense of their dupes and with no concern for the gross wrong they were doing Trinity Church. * * * There was ample evidence introduced by appellee to establish the scheme specifically charged in the indictment."

The defendants received a fair trial. They were properly convicted on evidence which amply warranted the verdict. No error has been shown. I can find no basis for any complaint on the part of either of the defendants. The motion is denied. An order will be entered accordingly.