### FLEISH v. JOHNSTON, Warden.
### No. 10672.

Circuit Court of Appeals, Ninth Circuit.

Sept. 29, 1944.

Writ of Certiorari Denied Feb. 5, 1945.

See 65 S.Ct. 587.

John Bennett King, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and Joseph Karesh, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before MATHEWS, STEPHENS and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

On the ground that he had already served the authorized portion of his sentence of

imprisonment, Louis Fleish petitioned the district court for a writ of habeas corpus, which was denied. He appeals.

Appellant was originally tried and convicted under six counts of an indictment charging violations of the National Firearms Act, 26 U.S.C.A. §§ 1132–1132q (1934 Ed.) [26 U.S.C.A. Int.Rev.Code, §§ 2700 (b)(2), 2720 et seq., 3260 et seq.]. On April 7, 1939, he was sentenced to be imprisoned for consecutive terms of five years on each of the six counts and to pay a fine of $2,000. Having served his sentence for one count, appellant requests his release from imprisonment.

Count One of the indictment under which sentence was pronounced charged that appellant had received and possessed a described firearm on which the transfer tax had not been paid. Count Three charged that he possessed the same described firearm without registering it. Counts Twelve, Fifteen, Eighteen, and Twenty-one contained the same charge as Count Three except that firearms were variously described in each. All counts designated the same time and place for the occurrence of the alleged offenses.

Appellant claims that the trial court had no jurisdiction to impose more than one sentence under the indictment since the National Firearms Act created but one punishable offense and since the six counts charged but one offense.

The first contention is based on the section of the National Firearms Act fixing the penalty of a $2000 fine or five years' imprisonment, or both, upon "any person who violates or fails to comply with any of the requirements" of the Act, 26 U.S.C.A. § 1132m (1934 Ed.) [26 U.S.C.A. Int. Rev.Code, § 2729]. Appellant insists that this penalty provision is the key to the Act with respect to the problem herein involved, that the words "any of the requirements" can mean only "one or more of the requirements," and that therefore only a single punishment is authorized by the statute irrespective of how many sections were violated by a single event. Identical phraseology was held not to impose a single punishment in Blockburger v. United States, 284 U.S. 299, 305, 52 S.Ct. 180, 76 L.Ed. 306.

The claim that all six counts in the indictment charge one crime is unfounded. The offense alleged in Count One is distinct from that alleged in the other five counts. This court has recently held that the possession of a firearm which has not been registered and the possession of the same firearm upon which the transfer tax has not been paid constitute two distinct offenses, Crapo v. Johnston, 9 Cir., 144 F.2d 863. The reasoning of that decision is equally applicable to the facts herein.

Counts Three, Twelve, Fifteen, Eighteen, and Twenty-one charge offenses distinct from each other. They allege violations of § 1132d, Title 26 U.S.C.A. (1934 Ed.) [§ 3261(b), 26 U.S.C.A. Int.Rev.Code:]

"(a) Within sixty days after the thirtieth day after June 26, 1934, every person possessing a firearm shall register, with the collector of the district in which he resides, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment * * *."

It is evident that the statute requires every firearm to be registered. The registration involves a complete identification of each individual firearm as well as a statement concerning its present possessor and whereabouts. A record of the latter statement without the identification of the weapon itself obviously would fail to satisfy the terms of the Act. The crime defined by the statute is the failure to register a specific firearm in one's possession, not the failure to indicate generally that one possesses firearms. Cf. the statute in People v. Puppilo, 100 Cal.App. 559, 280 P. 545. Therefore, the nonregistration of any one firearm in one's possession constitutes a complete offense separate and distinct from the nonregistration of any other such firearm. Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151; McKee v. Johnston, 9 Cir., 109 F.2d 273.

Affirmed.