## MONTGOMERY v. UNITED STATES.
### No. 5294.

Circuit Court of Appeals, Fourth Circuit.
Nov. 13, 1944.

Rehearing Denied Jan. 8, 1945.

William E. Montgomery, pro se, for appellant.

Joe V. Gibson, U. S. Atty., of Kingwood, W.Va. (C. Brooks Deveny, Asst. U. S. Atty., of Clarksburg, W. Va., on the brief), for appellee.

Before SOPER, DOBIE, and NORTHCOTT, Circuit Judges.

PER CURIAM.

The appellant, William E. Montgomery, herein referred to as the defendant pleaded guilty to an indictment in the District Court of the United States for the Northern District of West Virginia, at Elkins, in June 1939, charging the violation of sections 1132b, 1132c, 1132d, 1132e and 1132m of Chapter 15A, Title 26 of the Code of the Laws of the United States, in force January 3, 1935,[1] and was sentenced to five years imprisonment upon each of the two counts of the indictment, said sentences to run consecutively.

On June 3, 1944, the defendant filed a motion to vacate the judgment as to the second sentence of five years, under the indictment, claiming that the act committed was one offense for which only one sen-

---

[1] 26 U.S.C.A. Int.Rev.Code, §§ 2720(a–c), 2721(b), 2722, 2723(a–e), 2726(a), 2729, 2731, 3261(b, c).

tence could be passed. The court overruled the motion to vacate and the defendant brought this appeal.

The first count of the indictment in question charged the defendant, and others, with possession of a Thompson sub-machine gun in violation of sections 1132c (a), 1132c (c), 1132c (d) and 1132d (a) of Title 26, Code of Laws of the United States, 1934 Edition.[2]

Count two charges the defendant, and others, with receiving and possessing a Thompson sub-machine gun in violation of sections 1132b (a), 1132b (b) and 1132b (c) of the same Title 26 of the Code.[3]

The first count charges possession of the sub-machine gun without its having been properly transferred and the second count charges possession of the same sub-machine gun without having paid the tax levied on its transfer.

It is the contention of the defendant that the one act of receiving and possessing which violated different statutes constituted only one offense and justified the imposition of only one sentence.

The appellee, the United States of America, contends that the offense justified the imposition of two sentences. In the case of Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, the Supreme Court held that two offenses may be committed and separately charged and punished notwithstanding that there was only one transaction, and that the test of identity of offenses when double jeopardy is pleaded is whether the same evidence is required to sustain them, and, if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense when more than one offense is defined by the statute.

In the case of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the Supreme Court lays down the same rule, and in Haggerty v. United States, 52 F.2d 11, the Circuit Court of Appeals for the Eighth Circuit holds to the same effect. See also, Yep v. United States, 10 Cir., 81 F.2d 637.

In the case of Ong v. United States, 131 F.2d 175, this court held that a motion of this kind could not be granted.

The authorities relied upon by the defendant are easily distinguished and are not in point.

The judgment of the court below was correct and is accordingly affirmed.

## On Petition for Rehearing.

A petition for rehearing was filed in this case in which the appellant makes the contention not heretofore brought to the attention of this court that the District Court was without jurisdiction of the crime alleged in the second count of the indictment for the reason that the offense therein charged was committed in the State of Missouri. It is said that at the trial of the case the testimony showed that the firearm was stolen from the owner in the State of Missouri. It was pointed out that Section 1132(b), mentioned in the second count of the indictment, imposes a tax upon firearms transferred in the United States at the rate of $200 for each firearm, to be paid by the transferror and to be represented by appropriate stamps to be provided by the Commissioner with the approval of the Secretary. It is contended that the statute imposes the duty on the transferror to pay the tax and that only he could violate Section 1132(b), and since the transfer took place in Missouri, the criminal offense was cognizable only by the appropriate District Court of that state.

The obvious answer to the contention is that the appellant was not charged in the indictment with the unlawful transfer of the firearm without payment of tax, as required by Section 1132(b), but was indicted under Section 1132(e) in the first count for possessing a firearm which had been theretofore transferred in violation of Section 1132(c), and in the second count for possessing a firearm which had been theretofore transferred in violation of Section 1132(b). Since the illegal possession took place in the Northern District of West Virginia, the District Court of that District had jurisdiction of both offenses, and it was of no moment that the previous illegal transfer of the firearm had taken place outside the District.

Rehearing denied.

---

[2] 26 U.S.C.A. Int.Rev.Code, §§ 2723(a–c), 3261(b, c).

[3] 26 U.S.C.A. Int.Rev.Code, §§ 2720(a–c), 2722, 2727, 2731.