**RISKEN v. UNITED STATES.**

No. 14524.

United States Court of Appeals
Eighth Circuit.

July 10, 1952.

Rehearing Denied Aug. 28, 1952.

Louis Kenneth Risken, appellant, pro se.

C. U. Landrum, U. S. Atty., and Ronald E. Hachey, Asst. U. S. Atty., both of St. Paul, Minn., for appellee, United States of America.

Before GARDNER, Chief Judge, and THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order of the district court denying a motion by appellant to vacate a judgment committing him to the custody of the Attorney General for imprisonment for four years on count one and three years on count two of an indictment, the sentences to run consecutively.

The motion alleged as grounds for the relief demanded:

"1. That the Indictment lacks essential elements necessary to sustain a valid sentence.

"2. That the Indictment is not so constructed as to preclude future prosecution for the same offense.

"3. That Count One of the Indictment does not state a Federal Offense."

The motion was submitted without a hearing and the court entered the order appealed from on November 27, 1951. The court found that "The petitioner proceeds under section 2255, Title 28 U.S.C.A. The motion and the files and records herein conclusively show that he is entitled to no relief", and the motion was denied.

The attack here is upon the indictment, and it raises legal questions only. The appellant does not contend that he is innocent of the crimes charged and for which he was convicted.

The indictment is in two counts. The first count for violation of 18 U.S.C.A. § 2312 reads:

"On or about the 26th day of May, 1949, Louis Kenneth Risken, alias Sonny Risken, transported a stolen motor vehicle from Kansas City in the State of Missouri to Minneapolis, in the County of Hennepin, State and District of Minnesota, and he then and there knew the motor vehicle to have been stolen."

And the second count is as follows:

"Second Count (18 U.S.C.A. § 2313)

"On or about the 2d day of June, 1949, in Hennepin County, State and District of Minnesota, Louis Kenneth Risken, alias Sonny Risken, sold and disposed of a stolen motor vehicle which was moving as interstate commerce, and he then knew the motor vehicle to have been stolen."

It will be observed that the indictment follows the illustrative form in the Appendix of forms of the Federal Rules of Criminal Procedure under Rule 58, 28 U.S. C.A.

The appellant was represented by counsel of his own choosing in the district court. Neither the sufficiency nor the validity of the indictment was challenged at or before the trial. He pleaded not guilty; and on March 28, 1951, he was convicted on both counts of the indictment. On April 5, 1951, he filed notice of appeal and on the same day filed notice of election not to commence service of sentence. Thereafter he elected to commence service of the sentence, and on October 1, 1951, his appeal was dismissed for want of prosecution. On October 10, 1951, he was committed to the Federal Penitentiary at Fort Leavenworth, Kansas. His motion to vacate the sentence was filed November 23, 1951.

The appellant contends: 1. That the court erred in not granting a hearing on his motion to vacate sentence; 2. That he was deprived of due process of law because the indictment lacked essential elements; 3. The indictment is so defective as not to bar a future prosecution for the same offense; 4. The failure of his counsel to move to quash or to demur does not foreclose his right to attack the indictment collaterally; and 5. The commitment is not in conformity with the indictment.

The contention that the court erred in not granting a hearing on his motion to vacate and set aside the sentence is without merit. As noted supra the proceeding is under 28 U.S.C.A. § 2255, which provides that:—

"Unless the motion [to vacate sentence] and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * * "

■ The court found that the files and records show conclusively that the appellant is entitled to no relief and denied the motion. Unless this finding is erroneous the appellant was not entitled to a hearing. The files and records including the testimony taken are filed with the district court and were available to the court. No transcript of any part of the record except the indictment, the verdict and the ruling of the court on the motion has been furnished to this court. See Ray v. United States, 8 Cir., 197 F.2d 268. However, questions of law only and not of fact were raised by the motion; and the appellant filed an elaborate brief in support of his contentions. Under these circumstances a hearing on the motion is not required. And see Hayman v. United States, 342 U.S. 205, 72 S.Ct. 263, for a full discussion of § 2255, supra, and its history.

■ His second complaint is that the description of the stolen motor vehicle in the indictment is inadequate. If in fact there was any need for any more particular description than that stated in the indictment there was an ample remedy—a motion for more particulars was available to him and had it been denied his remedy was by an appeal. A motion to vacate a judgment is a collateral attack upon the judgment, and only such grounds may be urged as would be available in habeas corpus proceedings. Keto v. United States, 8 Cir., 189 F.2d 247; Rowley v. United States, 8 Cir., 191 F.2d 949.

■■ Appellant's third and fourth contentions are directed to the same alleged defects in the indictment as those referred to in the second. His further contention, however, is that the brevity of description of the stolen vehicle in the indictment may

subject him to "double jeopardy" for the same offense and that it thus violates the Fifth Amendment to the Constitution. The contention is without merit. The appellant abandoned his appeal of his own volition and decided to attack the indictment in this collateral proceeding. That he cannot do. Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982, and cases cited supra. " 'The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet and in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." ' " Hewitt v. United States, 8 Cir., 110 F.2d 15, certiorari denied 310 U.S. 641, 60 S.Ct. 1089, 84 L.Ed. 1409; Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 39 L.Ed. 704; Rosen v. United States, 161 U.S. 29, 34, 16 S.Ct. 434, 40 L.Ed. 606.

It cannot reasonably be contended that the indictment here is so wanting in specificity that it does not comply with this test, especially since no objection to its sufficiency was raised at the trial, and no appeal from the conviction was taken. See Keto v. United States, supra.

■ The fourth contention urged by appellant is in the nature of an attack upon his counsel for failure to move to quash or to demur to the indictment. This charge consists of two elements, one that his counsel was ignorant and incompetent and the other that the indictment was so defective that such a motion or demurrer would have been sustained. But the indictment was not so defective. A motion for a bill of particulars might have been sustained. But whatever might have been done should in the first instance have been submitted to the trial judge and in case he overruled the objections the remedy was by appeal and not by a motion to vacate the sentence. Appellant's conclusion is that "the cause should be remanded to the lower court for correction." That cannot be done. When

the appellant abandoned his appeal from the judgment of conviction he also abandoned these appealable objections to the conduct of the trial.

Finally the appellant contends that the judgment and the commitment do not conform to the indictment, and that, therefore, both the judgment and the commitment should be held for nought and the order of the trial court overruling the motion to vacate the judgment should be reversed. The criticism is that in the indictment the term "motor vehicle" is used in conformity with the language used in 18 U.S.C.A. §§ 2312 and 1213, whereas in the judgment and the commitment the motor vehicle is referred to as a "stolen automobile." In his brief the appellant sets out a description of the "motor vehicle" or "stolen automobile" as follows: "1949 Ford Two Door Sedan Automobile, Serial Number 98 BA 128045." This description of the automobile he states was one of the "missing essential elements" which would have made the indictment "a clear, concise statement of the offense." And in a footnote to the brief he avers that the description of the automobile was brought out by the prosecution "piece by piece" during his trial.

■■ Further, this contention overlooks the fact that an "automobile" is a "motor vehicle" within the meaning of the statute. 18 U.S.C.A. § 2311, Definitions, provides: "As used in this chapter: * * * 'Motor vehicle' includes an automobile * * * or any other self-propelled vehicle designed for running on land * * *." The appellant was not, therefore, adjudged guilty of an offense not charged in the indictment, and he was not committed to the penitentiary for an offense not included in the judgment. There is no basis in the record to support these contentions. "A warrant of commitment spends its force * * * upon delivery of the prisoner at the place of his imprisonment." Hill, Warden, v. United States ex rel. Wampler, 298 U.S. 460, 466, 56 S.Ct. 760, 763, 80 L.Ed. 1283. Had it been thought helpful to the appellant in the preparation of his defense to know whether the government proposed to prove that the stolen "motor vehicle" was a self-propelled truck rather than an auto-

mobile he should have raised that question before trial by a motion for particulars. Having failed to do so he waived the objection which he now urges.

The following statement of Chief Judge Hutcheson in Hartwell v. United States, 5 Cir., 107 F.2d 359, 362, is applicable to the situation presented here:

"While it is certainly true that a valid indictment cannot be dispensed with as a predicate to conviction where an indictment is necessary, Grimsley v. United States, 5 Cir., 50 F.2d 509, it is also true that the practice of fine combing indictments for verbal and technical omissions is no longer countenanced in the courts, and that a substantial compliance with the purpose of an indictment to acquaint the defendant with the offense of which he stands charged, so that he can prepare his defense and protect himself against double jeopardy, is sufficient."

The indictment here complies with the rule. The criticisms of the appellant are without merit.

The order of the court appealed from is affirmed.