## UNITED STATES v. HARDGRAVE.
### No. 11107.

United States Court of Appeals,
Seventh Circuit.
July 9, 1954.

Douglas F. Stevenson, Chicago, Ill., for appellant.

Joseph H. Lesh, U. S. Atty., Fort Wayne, Ind., James E. Keating, Asst. U. S. Atty., South Bend, Ind., Phil M. McNagny, Jr., Asst. U. S. Atty., Fort Wayne, Ind., James H. Pankow, Asst. U. S. Atty., Hammond, Ind., for appellee.

Before FINNEGAN, LINDLEY and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Defendant, Hardgrave, was indicted in September, 1951 for violating provisions of the National Firearms Act.[1] A six count indictment[2] was returned against him, grounded on certain requirements of that Act and charging him with various violations of it, as follows:

| Count | U. S. Code Title | Requirement Section | Violation of Section | Disposition |
|-------|------------------|---------------------|----------------------|-------------|
| I. | 26 | § 2720(a) | § 2726(a) | Found Guilty |
| II. | 26 | § 2725 | § 2726(b) | Dismissed by Government |
| III. | 26 | § 3261(b) | § 2726(a) | Found Guilty |
| IV. | 26 | § 2723 | § 2726(a) | Found Guilty |
| V. | 15 | | § 902(f) | Found Not Guilty |
| VI. | 15 | | § 902(i) | Found Not Guilty |

After the trial jury returned its verdict, hereinabove tabulated, Hardgrave was sentenced to five years imprisonment on counts I, III and IV, respectively; each such sentence to run consecutively.

1. Approved June 26, 1934, 48 Stat. 1236, c. 757; 26 U.S.C. § 2720 et seq. (1946); 26 U.S.C.A. § 2720 et seq.

2. We have hereinafter reproduced only those counts on which Hardgrave was found guilty:

Count I. "On or about the 14th day of April, 1951, in the District of Northern Indiana, Earl Adrian Hardgrave, possessed a firearm, namely, a shotgun with a barrel less than eighteen inches in length, which had been transferred without the payment of a transfer tax in the sum of $200.00 as required by Section 2720(a), Title 26, United States Code, in violation of Section 2726(a), Title 26, United States Code.

Count III. "On or about April 14, 1951, in the District of Northern Indiana, Earl Adrian Hardgrave, possessed a firearm, namely, a shotgun with a barrel less than eighteen inches in length, which firearm had never been registered with the Commissioner as required by Section 3261(b), Title 26, United States Code, in violation of Section 2726(a), Title 26, United States Code.

Count IV. "On or about the 14th day of April, 1951, in the District of Northern Indiana, Earl Adrian Hardgrave, possessed a firearm, namely, a shotgun having a barrel less than eighteen inches in length, which had been transferred without procuring and forwarding to the Commissioner order forms as required by Section 2723, Title 26, United States Code, in violation of Section 2726(a), Title 26, United States Code."

Denial, below, of defendant's petition filed under 28 U.S.C. § 2255; 28 U.S.C.A. § 2255 for correction of his sentence, precipitated this appeal. Since the reasons and grounds underlying the relief, thus sought, are embedded in several provisions of the National Firearms Act, supra, its provisions constitute the backdrop against which Hardgrave's contentions must be examined.

At the time when this defendant allegedly engaged in the proscribed course of conduct, for which he was indicted and tried, the pertinent subdivisions of § 2726,[3] Subchapter B—Machine Guns and Short-Barrelled Firearms of the National Firearms Act, provided:

"(a) Possessing firearms unlawfully transferred.

"It shall be unlawful for any person to receive or possess any firearm which has at any time been transferred in violation of sections 2720, 2721(b), 2722, 2723, 2727, and 2731 of this subchapter.

"(b) Removing or changing identification marks.

"It shall be unlawful for anyone to obliterate, remove, change, or alter the number or other identification mark required by section 2725. Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of any firearm upon which such number or mark shall have been obliterated, removed, changed, or altered, *such possession shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury.* \* \* \*" (Italics ours.)

Counts I, III and IV, of this indictment, charged, in substance conduct under, and non-compliance with, these three sections of the National Firearms Act, supra:

Count I. "§ 2720. Tax

"(a) Rate. There shall be levied, collected, and paid upon firearms transferred in the continental United States a tax at the rate of $200 for each firearm: *Provided,* That the transfer tax on any gun with two attached barrels, twelve inches or more in length, from which only a single discharge can be made from either barrel without manual reloading, or any gun designed to be held in one hand when fired and having a barrel twelve inches or more in length from which only a single discharge can be made without manual reloading, shall be at the rate of $1. The tax imposed by this section shall be in addition to any import duty imposed on such firearm.

"(b) By whom paid. Such tax shall be paid by the transferor. \* \* \*"

The following section is under **Part VIII**, Firearms, chapter 27, Occupational Taxes, Subchapter A—Special provisions; 26 U.S.C.

Count III. "§ 3261. Registration \* \* \*

"(b) Persons in general. Every person possessing a firearm shall register, with the collector of the district in which he resides, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof: *Provided,* That no person shall be required to register under this subsection with respect to any firearm acquired after July 26, 1934, and in conformity with the provisions of this part and subchapter B of chapter 25."

---

**3.** 26 U.S.C.A. § 2726. Clause (a) was amended subsequent to the date when defendant was alleged to have violated this section, viz., May 21, 1952, c. 320, § 3(b), 66 Stat. 88.

Count IV. "§ 2723. Order forms

"(a) General requirements. It shall be unlawful for any person to transfer a firearm except in pursuance of a written order from the person seeking to obtain such article, on an application form issued in blank in duplicate for that purpose by the Commissioner. Such order shall identify the applicant by such means of identification as may be prescribed by regulations under this subchapter and Part VIII of subchapter A of chapter 27: *Provided,* That, if the applicant is an individual, such identification shall include fingerprints and a photograph thereof.

"(b) Contents of order form. Every person so transferring a firearm shall set forth in each copy of such order the manufacturer's number or other mark identifying such firearm, and shall forward a copy of such order to the Commissioner. The original thereof with stamps affixed, shall be returned to the applicant.

"(c) Prior transfers. No person shall transfer a firearm which has previously been transferred on or after July 26, 1934, unless such person, in addition to complying with subsection (b), transfers therewith the stamp-affixed order provided for in this section for each such prior transfer, in compliance with such regulations as may be prescribed under this subchapter for proof of payment of all taxes on such firearms. * * * "

Section 2729, of the Act, supra, contains these sanctions: "Any person who *violates or fails to comply* with *any* of the requirements of this subchapter and Part VIII of subchapter A of chapter 27 shall, upon conviction, be fined not more than $2,000 or be imprisoned for not more than five years, or both, in the discretion of the court." (Italics supplied.)

Several distinct and separate offenses are embraced by the foregoing statutory arrangement. Yet defendant contended below, and urges here, that his mere possession of a sawed-off shotgun does not constitute the series of offenses proscribed by Congress, or that several offenses cannot be derived from one act of possession. From these propositions he argues that the ceiling on his total punishment is five years, not five years imprisonment on each count, under which he was convicted.

It was held in the opinion filed below, denying Hardgrave's petition for correction of sentence, that consecutive sentences could be validly imposed under the authority of Fleish v. Johnston, 9 Cir., 1944, 145 F.2d 16 and Crapo v. Johnston, 9 Cir., 1944, 144 F.2d 863, on each count of the indictment. At the same time the trial judge noted that the: "United States erred technically" by charging that the requirements of § 3261(b), supra, had been violated under § 2726(a), supra, instead of § 2729, supra, prescribing penalties for violation of § 3261(b). But he concluded that Hardgrave was neither misled nor prejudiced because § 3261 contained the gist of this offense. Fed.R.Crim.P. 7, 18 U.S.C.A.

Despite able and capable arguments, presented to us by court appointed defense counsel, we are not persuaded that imposition of these consecutive sentences constituted error. Montgomery v. United States, 4 Cir., 1945, 146 F.2d 142, and Fleish v. Johnston, 9 Cir., 1944, 145 F.2d 16, disposed of on virtually the same issues, are determinative of the questions raised by Hardgrave. Since we are in accord with these decisions, of the Fourth and Ninth Circuits, they will be followed in the instant case.

We examined United States v. Universal C. I. T. Credit Corporation, 1952, 344 U. S. 218, 73 S.Ct. 227, 97 L.Ed. 260, where an information filed under §§ 15 and 16(a) of the Fair Labor Standards Act,[4] was reviewed under a hypothesis

4. 52 Stat. 1060, 1068–1069, as amended, 63 Stat. 910, 919, 29 U.S.C.A. §§ 215, 216(a).

similar to that relied upon by Hardgrave.

Mr. Justice Frankfurter spoke for the majority. Drawing upon Congressional debates [5] he pointed out that:

"Although the separate offense clause for record-keeping violations was deleted early in the legislative process, the other separate offense clause was attached in debate precisely because it would authorize the sort of multiplication of offenses by the number of employees that the information * * * represents. Indeed, multiplication in this information goes beyond what even the original bills would have authorized." 223 U.S. at page 223, 73 S.Ct. at page 230.

Justice Frankfurter stated it was the history and language of the legislation, then before the Court, that repelled application of Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. Nothing determined in the Universal Corporation case, supra, supports Hardgrave's contentions. The condition of possessing and receiving a shotgun on which the transferor has failed to pay the requisite tax, and possessing that unregistered firearm, receiving and possessing it when it has not been transferred on statutory forms, bear no resemblance to an erroneous managerial decision which the government prosecutor turns into a multiplicity of offenses, by considering each resulting underpayment in a single week, as a separate offense. But each offense of which Hardgrave stands convicted contains a different element. He had to meet three distinct requirements; each requirement necessitated proof of a fact not essential to the other. We think that the status of Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306,

as the basis for Montgomery v. United States, 4 Cir., 1945, 146 F.2d 142, and Fleish v. Johnston, 9 Cir., 1944, 145 F.2d 16 remains unimpaired, especially since Chief Justice Warren relied on the Blockburger decision when he delivered the majority opinion in Pereira v. United States, 1954, 347 U.S. 1, 9, 74 S.Ct. 358, 363 saying *inter alia:*

"Sections 1341 and 2314 of Title 18 constitute two separate offenses, and a defendant may be convicted of both even though the charges arise from a single act or series of acts, so long as each requires the proof of a fact not essential to the other."

The judgment of the District Court is affirmed.

Affirmed.

**5.** When the Bill embodying the National Firearms Act was on the House floor it was stated during debate, that its purpose was " * * * to provide for the taxation * * * to tax the sale or other disposal of such weapons, and to restrict importation and regulate interstate transportation thereof. * * * This is to stop gangsters from buying machine guns." 78 Cong.Rec. 12548 (1934); see also 78 Cong.Rec. 11400 (1934).