**Albert Samuel WRIGHT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13024.**

United States Court of Appeals
Sixth Circuit.

April 8, 1957.

Harry A. Abrams, Cincinnati, Ohio (William F. Hopkins, Cincinnati, Ohio, on the brief), for appellant.

Thomas Stueve, Asst. U. S. Atty., Cincinnati, Ohio (Hugh K. Martin, U. S. Atty., Cincinnati, Ohio, on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

## PER CURIAM.

Appellant, hereinafter called defendant, was indicted for unlawfully receiving and possessing a firearm, "to wit, a silencer, which had been made in violation of Section 5821, Title 26 USC; said possession being a violation of Section 5851, Title 26 U.S.C." Defendant was convicted and sentenced to three years imprisonment in the penitentiary and to pay a fine of $2,000. He contends that the conviction and sentence are in-valid for the reasons that: 1) the indictment does not state an offense under the laws of the United States or under Title 26 U.S.C. Section 5851; and 2) a judgment of acquittal should have been entered at the conclusion of the evidence. Fed.Rules Cr.Proc. rule 29(a), 18 U.S.C.

The material facts are in general uncontroverted. Counsel for defendant stipulated that the Colt revolver and device found in defendant's apartment were defendant's property, and that the device, the alleged silencer, was not registered as required by 26 U.S.C. Section 5821. Defendant admitted that he himself had made the device. The sole question in the case was stated by able defense counsel to be whether the device in question was "a silencer." This question was submitted to the jury, which found in the affirmative.

■■ Defendant contends that the indictment is defective for the reasons presently detailed. He points out that the acts which constituted the specific offense or offenses charged were not set forth with particularity. A general reference to 26 U.S.C. Section 5821, which contains a number of paragraphs describing different offenses, was not sufficient. Defendant was entitled not only to be fairly informed of the crime meant to be charged but also to be protected from a second prosecution for the same act or acts. Ross v. United States, 6 Cir., 180 F.2d 160; United States v. Bickford, 9 Cir., 168 F.2d 26. He was entitled to know what particular paragraph or paragraphs of Section 5821 he was charged with violating and the facts constituting such violation should have been stated in detail.

The offense here charged is not merely the receiving and possessing of a firearm. It is receiving and possessing a firearm in violation of Section 5851, the firearm having been made in violation of Section 5821.

Section 5821 provides a number of possible violations. It requires the payment of a tax upon the making of any firearm (a) to be paid by the person making

the firearm in advance of the making (c). The payment of the tax is to be represented by appropriate tax stamps (d) and any person subject to the tax is required, prior to making a firearm, to declare in writing his intention to make a firearm, to affix the stamp to the original of the declaration, and to file the original and a copy in accordance with the regulations (e). As a part of the declaration the fingerprints and the photograph of an individual making such firearm must be included (e).

The omission of any one of these requirements may constitute a separate offense. Cf. United States v. Hardgrave, 7 Cir., 214 F.2d 673. In this case the Seventh Circuit held that the possessing and receiving of a gun on which the transferor has failed to pay tax, the possession of an unregistered firearm, and receiving and possessing a firearm which has not been transferred on the statutory forms are separate and distinct offenses. Cf. Fleish v. Johnston, 9 Cir., 145 F.2d 16. Where a statute defines several separate offenses a mere reference to the statute in the indictment does not fulfill the requirements of Fed.Rules Cr.Proc. rule 7(c) that the indictment shall be a "definite written statement of the essential facts constituting the offense charged."

However, the indictment, although defective, is not fatally defective. It charged an offense or offenses under the laws of the United States and under 26 U.S.C. Section 5851. The difficulty was that it did not specify the particular offense. Defendant should have moved in accordance with Fed.Rules Cr.Proc. rule 7(f) for a bill of particulars. He failed to make timely objection to the indictment and his contention in this court that he could make such objection on motion in arrest of judgment has no merit. Cf. Land v. United States, 4 Cir., 177 F.2d 346. As defendant's counsel stipulated that defendant had violated subparagraph (e) of Section 5821 requiring registration of his intent to make the silencer, no prejudice is shown. Defendant waived his right to object to the indictment.

The record presents no motion for entry of judgment of acquittal, but under rule 29(a) the court could have entered such a judgment on its own motion if the evidence had been insufficient to sustain the conviction. However, under this record 26 U.S.C.Section 5851 renders untenable the contention that a judgment of acquittal should have been entered. It provides that, whenever on trial for a violation of this section, the possession by the defendant is shown, it "shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such possession to the satisfaction of the jury." Defendant justified his possession on the sole ground that the device was not a "silencer" or "muffler." He introduced no evidence to show that the device had been manufactured by him prior to the effective date of the statute, as contended in this court, nor did he so claim at the trial. Substantial evidence was introduced to the effect that the device was a silencer. This evidence included the experiment of firing the revolver in the presence of the jury with the device attached to the barrel. A qualified expert testified that the instrument attached to the gun would reduce the sound level energy of the noise by an average of 60%. While this testimony was controverted, the jury found for the Government upon this issue. It was evident that defendant did not explain his possession to the satisfaction of the jury. No ground for entry of judgment of acquittal was shown.

No reversible error appearing in the record, the judgment of the District Court is affirmed.

SHACKELFORD MILLER, Jr., Circuit Judge (concurring in the result).

Although I agree with the conclusion of the majority opinion that the judgment should be affirmed, I differ somewhat with its reasons for so ruling. I am of the opinion that the indictment was not defective, instead of ruling that

the alleged defect in the indictment was waived by failure to apply for a bill of particulars.

The indictment charges the defendant with unlawfully receiving and possessing a firearm, "to wit, a silencer, which had been made in violation of Section 5821, Title 26 U.S.C." The validity of the indictment is attacked on the ground that it refers to the statute by section number instead of stating definitely in the words of the statute the particular way in which it had been illegally made, thus failing to meet the test of certainty required in an indictment. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861.

If the indictment is defective for that reason, as held in the majority opinion, I think it is fatally defective, even on appeal. The defect will not be waived by a failure to apply for a bill of particulars. Such a defect will be noticed by the court "at any time during the pendency of the proceeding." Rule 12(b) (2), Rules of Criminal Procedure; Johnson v. United States, 9 Cir., 206 F.2d 806, 808; Hotch v. United States, 9 Cir., 208 F.2d 244, 249–250. The sufficiency of an indictment must be judged by the allegations of the indictment. Las Vegas Merchant Plumbers Ass'n v. United States, 9 Cir., 210 F.2d 732, 741, certiorari denied 348 U.S. 817, 75 S.Ct. 29, 99 L.Ed. 645, rehearing denied 348 U.S. 889, 75 S.Ct. 202, 99 L.Ed. 698. It is not affected by the filing of a bill of particulars or the failure to ask for a bill of particulars. It is not a question of whether it could have been more definite and certain or can be made more definite and certain by a bill of particulars. United States v. Debrow, 346 U.S. 374, 376, 378, 74 S.Ct. 113, 98 L.Ed. 92; Hewitt v. United States, 8 Cir., 110 F.2d 1, 4–5; Perez v. United States, 9 Cir., 10 F.2d 352, 353. The effect of a bill of particulars is to limit the Government in its proof. If required by the court and filed, it does not give life to a defective indictment, but informs the defendant of the particular facts on which the Government intends to rely in proving the offense charged. Jarl v. United States, 8 Cir., 19 F.2d 891, 894; United States v. Johnson, D.C.Del., 53 F.Supp. 167, 172; United States v. McKay, D.C.E.D.Mich., 45 F.Supp. 1007, 1015; United States v. Grunenwald, D.C.W.D.Pa., 66 F.Supp. 223, 227.

In my opinion the indictment is not defective or invalid on the ground that it is too general and indefinite to sufficiently apprise the defendant of what he must be prepared to meet and to enable him to plead a former acquittal or conviction as a bar in case any other proceedings are taken against him for a similar offense. United States v. Debrow, supra, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92. Rule 7 (c), Rules of Criminal Procedure, provides, "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Its sufficiency must be determined on the basis of practical rather than technical considerations. Duke v. United States, 5 Cir., 233 F.2d 897, 899. The practice of fine combing indictments for verbal and technical omissions is no longer countenanced in the courts under the new Rules, and substantial compliance with the purpose of an indictment is sufficient. Risken v. United States, 8 Cir., 197 F.2d 959, 961, 963. A specific reference in the indictment to Section 5821, Title 26 U.S. Code, as a practical matter certainly informed the defendant of what he was being charged with to the same extent as by setting out in the indictment the specific wording of the section. Similar references did not invalidate indictments in Kempe v. United States, 8 Cir., 151 F.2d 680, 684; United States v. Goldberg, 8 Cir., 225 F.2d 180, 183, 185; Contreras v. United States, 5 Cir., 213 F.2d 96; Reynolds v. United States, 5 Cir., 225 F.2d 123, 125.

It is true that Section 5821, Title 26 U.S.Code, provides several different ways in which the making of a firearm is illegal and the indictment did not allege which one of the specific violations the Government intended to prove. The Government was entitled to rely upon any one or more of them. Accordingly, the

**550**

indictment was not defective as a matter of law. Brink v. United States, 6 Cir., 148 F.2d 325, 329; Smith v. United States, 5 Cir., 234 F.2d 385, 389. Whether the defendant was entitled to learn through a bill of particulars which acts or failures to act on his part the Government would attempt to prove under its claim that the firearm was illegally made, does not in my opinion involve the validity of the indictment. Williams v. United States, 6 Cir., 3 F.2d 933, 934; Risken v. United States, supra, 8 Cir., 197 F.2d 959, 961.