Nick George **MONTOS**, Plaintiff-
Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

No. 14527.

United States Court of Appeals
Sixth Circuit.

June 5, 1961.

William A. Ogden, Cincinnati, Ohio (Nick George Montos in pro. per. on the brief), for appellant.

Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn. (Warner Hodges, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., on the brief), for appellee.

Before MARTIN, McALLISTER and O'SULLIVAN, Circuit Judges.

This is an appeal from an order of the United States District Court denying motion for correction of sentence under Rule 35, Rules of Criminal Procedure, 18 U.S.C.A.

We find no merit whatever in the points adduced by appellant, who, at the time he entered his plea of guilty to the offenses charged, was represented by able, experienced counsel, his attorney having been for many years a practitioner of law and at one time Attorney General of Shelby County, Tennessee.

The grounds upon which he was convicted defined separate offenses, the third count relating to violation of the Internal Revenue Code in respect of taxes dealing with the possession and transportation of firearms. See section 5811, Title 26 U.S.C.A. The fourth count upon which he was also convicted related to the transportation, shipping, or receiving, of firearms or ammunition in interstate or foreign commerce in violation of section 902, Title 15 U.S.C.A. Unquestionably appellant Montos was a fugitive from justice, thereby coming under subsections of section 902 pertaining to the transportation, shipping, etc, of firearms or ammunition in interstate or foreign commerce by persons under indictment, convicts, and fugitives from justice.

The principle of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, supports the proposition that this case involved two very definite, separate offenses, charged in separate counts of the indictment. See also Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405. Affirmance of the district court's action is supported, too, by United States v. Hardgrave, 7 Cir., 214 F.2d 673, which was followed by our court in Wright v. United States, 6 Cir., 243 F.2d 546.

The order of the district court overruling appellant's motion to correct sentence is hereby affirmed.